## NORTH PACIFIC STEAMSHIP COMPANY *v.* SOLEY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 63. Submitted November 7, 1921.—Decided December 5, 1921.

1. It is the duty of the District Court to dismiss, whenever it appears to its satisfaction that the suit does not really and substantially involve the requisite jurisdictional amount. Jud. Code, §§ 24, 37. P. 221.

216. Argument for Appellant.

2. When this question is raised by answer, the District Court will decide it upon the facts adduced and this court will review the decision upon the evidence as one presenting a jurisdictional question. P. 221.

3. In a suit to enjoin execution of an award for disabling personal injuries, made under the California Compensation Act and requiring present payments and future indemnity payments during a maximum period, it was proven that the defendant was cured before the bill was filed, so that the total liability was less than $3,000, though it would have been more had his disability continued, and that the award had been reduced accordingly by action of the proper authority, upon his application, while the suit was pending. Held, that the District Court had no jurisdiction. P. 221.

Affirmed.

DIRECT appeal from a judgment of the District Court, dismissing after a hearing for want of jurisdiction.

Mr. Ernest Clewe and Mr. Frank W. Aitken for appellant.

The circumstances existing at the time of filing the bill of complaint are determinative of jurisdiction. Way v. Clay, 140 Fed. 352. This being the case, the order of the Commission entered August 25, 1919, terminating the liability of appellant as of December 10, 1917, cannot enter into the question.

The award of the Commission commanded payment to appellee of $3,496.60. The maximum sum which appellant could eventually be called upon to pay under its terms was definitely determined and did not depend upon any affirmative contingency. The obligation of appellant to pay the total sum had at that time been imposed upon it by the Commission as fully and completely as that body could have imposed it in any case.

Having filed the findings and award in the Superior Court and having obtained a judgment thereon, appellee's legal right and power to collect the full sum of $3,496.60

by means of a series of levies of execution was complete. He could not be deprived thereof save by a further order of the Commission filed in the Superior Court. .

Appellant was not bound to seek relief before the Commission. *Remer* v. *Mackay,* 35 Fed. 86.

The value of the matter in dispute exceeded, exclusive of interest and costs, $3,000. The object of the appellant in this action was to be rendered secure in its property to the same extent that it stood menaced by the award and judgment. *Glenwood Light Co.* v. *Mutual Light Co.,* 239 U. S. 121; *Lee* v. *Watson,* 1 Wall. 337; *Bureau of National Literature* v. *Sells,* 211 Fed. 379.

Where, as in this case, the jurisdictional amount is pleaded in good faith or the determination of the amount involved depends upon issues of fact or law, the court has jurisdiction. *Interstate Building & Loan Association* v. *Edgefield Hotel Co.,* 109 Fed. 692–694; *Stillwell-Bierce Co.* v. *Williamston Oil Co.,* 80 Fed. 68.

*Mr. Christopher M. Bradley,* for appellee. *Mr. Herbert N. Ellis* and *Mr. Henry Heidelberg* were also on the brief.

MR. JUSTICE DAY delivered the opinion of the court.

This case is here solely upon the question of the jurisdiction of the District Court to entertain the suit. The bill was filed in the District Court by the North Pacific Steamship Company against the Industrial Accident Commission of California, William T. Soley, and H. I. Mulcrevy, County Clerk of the City and County of San Francisco. The bill alleged that the complainant was engaged in the business of transportation in interstate commerce between various points on the Pacific Coast, and operated the steamer " Breakwater."; that on or about the 12th of June, 1916, the said steamer, then in the navigable waters of the United States loading cargo, had in its

employ the respondent, Soley, as a stevedore, and that said Soley was injured by falling down a hatchway of the steamer; that on the 27th day of November, 1916, Soley filed an application with the Industrial Accident Commission for damages under the Compensation Act of California; that, after a hearing, the Commission made the following award:

" 1. Cash in hand the sum of two hundred eighty-one dollars and twenty-five cents ($281.25), this amount being the sum of weekly payments of said disability indemnity accrued up to and including the 18th day of December, 1916, less, however, the sum of thirty dollars ($30.00), to be deducted therefrom and paid to Herbert N. Ellis as his attorney's fee, as attorney for the applicant herein.

" 2. The further sum of eleven dollars and twenty-five cents ($11.25) per week payable weekly in advance beginning with the 19th day of December, 1916, until the termination of said disability or the further order of this Commission, the total period of payment however not to exceed two hundred forty weeks.

" 3. Cash in hand the sum of five hundred fifteen dollars and thirty-five cents ($515.35) for medical and hospital services rendered as follows:

| | |
|---|---:|
| Agnew Sanitarium .................. | $149. 85 |
| Dr. E. H. Crabtree ................ | 152. 00 |
| Dr. Maynard C. Harding ............ | 203. 50 |
| Dr. L. C. Kinney, for X-ray ......... | 10. 00 " |

The bill averred that by virtue of the award the complainant had been ordered to pay Soley $3,015.35.

The bill further alleged that at the time of his injury Soley was engaged in the performance of a maritime contract aboard a vessel in the navigable waters of the United States engaged in interstate commerce; that his remedy was exclusively within the admiralty and maritime juris-

diction of the courts of the United States; that under § 26 of the Compensation Act a certified copy of the findings and award may be filed with the clerk of the Superior Court, and, that upon filing the copy of the findings and the award, execution may be issued upon the judgment; that Soley had filed certified copies of the findings and the award with the clerk of the Superior Court, and, unless restrained by injunction, would cause execution to be issued thereon for the purpose of making the amount of the award out of the property of the complainant. The bill prayed an injunction against any steps for the enforcement of the award.

Respondent, Soley, appeared and answered, and, among other things, set up:

"Defendant denies that the value of the matter in controversy herein exclusive of interest and costs exceeds the sum of three thousand dollars; and alleges that the weekly indemnity of eleven and 25/100 dollars awarded to defendant from complainant under the terms of said award and judgment was contingent upon the continuance of defendant's total disability, as appears at the foot of page 4 of complainant's bill, and that at the time of the filing of complainant's bill herein defendant's said total disability had terminated and all of complainant's subsequent liability under the terms of said award of the Industrial Accident Commission of the State of California had ceased; that the total liability of complainant under said judgment sought herein to be enjoined does not and will not exceed exclusive of interest and costs the sum of thirteen hundred eighty-one and 60/100 dollars ($1,381.60)."

In order that the District Court have jurisdiction of the cause it was necessary that the amount in controversy exceed exclusive of interest and costs the sum or value of $3,000. (Judicial Code, § 24.) Section 37 of the Judicial Code provides that "if in any suit commenced in a dis-

trict court   . . .   it shall appear to the satisfaction of
the said district court, at any time after said suit has been
brought . . . that such suit does not really and sub-
stantially involve a dispute or controversy properly within
the jurisdiction of said district court . . . the said dis-
trict court shall proceed no further therein, but shall dis-
miss the suit . . . and shall make such order as to costs
as shall be just." Section 37 with the substitution of dis-
trict court for circuit court is a reënactment of the Act of
March 3, 1875, c. 137, 18 Stat. 470, 472.

The objection that jurisdiction to entertain the suit did
not exist is one which may be taken by answer. *Anderson*
v. *Watt*, 138 U. S. 694. Indeed, under § 37 it is the duty
of the court, when it shall appear to its satisfaction that
the suit does not really and substantially involve the
necessary amount to give it jurisdiction, to dismiss the
same, and this the court may do whether the parties raise
the question or not. In the present case the issue was
raised by answer, and, therefore, it became necessary for
the court to determine the question of jurisdiction upon
the facts presented, and when brought directly here, it is
the duty of this court to review the decision upon the tes-
timony as one presenting a jurisdictional question. *Wet-
more* v. *Rymer*, 169 U. S. 115; *Gilbert* v. *David*, 235 U. S.
561.

The award upon which the suit was brought provided
for the payment of $11.25 per week in advance beginning
on December 19, 1916, until the termination of Soley's
disability or the further order of the Commission, the
total period of payment not to exceed 240 weeks. Upon
the hearing upon the question of jurisdiction a copy of
the findings and award of the Commission was put in
evidence. Soley was called, and testified among other
things, that after his doctor told him that he was cured
he went back to work on or about December 10, 1917, and
had been working ever since, and had made no claim upon

his employer since that time. An order of the Commission, filed August 25, 1919, was introduced in evidence, from which the Commission found that the disability suffered by Soley terminated on the 10th day of December, 1917; that the disability indemnity payable to him up to and including December 10, 1917, amounted to $855, which together with the medical expenses theretofore awarded amounted to $515.35, making a total of $1,370.35, the total liability of the company to Soley by reason of his injury. It was also stipulated between the parties that the award in favor of Soley, a copy of which was in evidence, had been filed in the office of the clerk of the City and County of San Francisco, that a writ of execution had issued against the complainant on November 12, 1917, to satisfy said judgment to the extent of the amount which had accrued under such findings and award, which was less than $1,500; that said writ was returned unsatisfied; that the application of Soley for the termination of the award was made on August 20, 1919.

A witness was called who testified that at the time of the injury to Soley the steamer "Breakwater" was engaged in interstate commerce between ports on the Pacific coast.

Upon these facts the District Court found that the jurisdictional amount was not involved. In our judgment it did not err in reaching that conclusion. The award provided for weekly payments until the termination of the disability or until the further order of the Commission. The testimony showed that Soley had been pronounced cured by his physician, and had returned to work on December 10, 1917, eight days before the action was brought. The order of the Commission, terminating the disability indemnity, found that the disability suffered by reason of the injury had terminated on December 10, 1917, and that the total liability of the defendant was $1,370.35. Under

these circumstances the court reached the conclusion that the jurisdictional amount was not involved. This conclusion, being sustained by the evidence, it was the duty of the court to proceed no further with the case.

*Affirmed.*