## AMERICAN FRUIT GROWERS, Inc. v. LA ROCHE.

### No. 2021.

District Court, E. D. South Carolina.
July 17, 1928.

Simeon Hyde, Jr., of New York City, for plaintiff.

W. E. Ackerman, of Meggett, S. C., for defendant.

ERNEST F. COCHRAN, District Judge.

The plaintiff brought this action in the state court for a sum less than $3,000. The

defendant filed an answer setting up a counterclaim for more than $3,000. Thereupon the plaintiff removed the case to this court, and the defendant has now made a motion to remand. The question is not free from difficulty, and the authorities are in hopeless conflict. See USCA, tit. 28, § 71, note 668, where the decisions are collated.

In the present case, the plaintiff had no choice but to bring its suit in the state court. It, therefore, cannot be said to have waived any right it may have as to any other cause of action. If the defendant had brought his case against the plaintiff in the state court, there could be no doubt about the right to a removal. When he filed his counterclaim in the case brought by the plaintiff, then, so far as the counterclaim is concerned, he became the actor and therefore the plaintiff; and the American Fruit Growers, Inc., became, as to the counterclaim, the defendant. In that aspect, the case is literally within the terms of the Removal Act (28 USCA § 71). In any aspect of the case, there can be no doubt but that the case is within the spirit of that act. It is only by the most technical reasoning, and by laying aside the actualities of the case and the real position of the parties, that the right to remove can be denied. If the removal cannot be had in this case, then a nonresident who has a small claim, less than the jurisdictional amount in the federal courts, against a citizen of another state, must either forego that claim or must forego his right to a trial in the federal court of any claims that the resident citizen may have against him. I think this would be most unreasonable. My conclusion, therefore, is that the right to remove should be sustained.

It is therefore ordered, adjudged, and decreed that the motion to remand the case to the state court be, and the same is hereby, refused.