## BEECHER v. PAN–AMERICAN LIFE INS. CO.

### No. 7357.

Circuit Court of Appeals, Fifth Circuit.

Oct. 30, 1934.

J. P. Highsmith, of Baxley, Ga., for appellant.

Eugene J. McGivney and Solomon S. Goldman, both of New Orleans, La., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellee on June 1, 1933, filed its bill in equity against the appellant praying that appellant be enjoined from cupping, boxing, and working for turpentine purposes any of the pine trees growing on described tracts of land, comprising 190 acres, more or less, and that it be decreed that appellee has title to such lands, and the right of possession thereof except as against its tenant. The bill contained allegations to the effect that appellee acquired title to said lands by purchasing the same at a sale thereof pursuant to the terms of a security deed conveying those lands, executed by the appellant in August, 1922, to the Empire Loan & Trust Company, to secure a debt of $2,500 and interest thereon, which security deed was assigned to appellee; that while appellant's husband was in possession of said lands under a rental contract with appellee, appellant committed waste upon said lands by cupping and working for turpentine pine timber thereon, at the same time denying that she executed said

security deed or that appellee had any right or title to said lands; that the matter in controversy, exclusive of interest and costs, exceeds the sum of $3,000; that appellant is wholly and totally insolvent, and appellee has no adequate and complete remedy at law. Appellant's answer to the bill contained a denial of its allegation that the matter in controversy, exclusive of interest and costs, exceeds the sum of $3,000. When the case came on for trial in October, 1933, the appellant offered an oral plea to the jurisdiction of the court on the ground that the amount involved was less than $3,000, and it was agreed that such plea would be considered as reduced to writing and filed. Upon the court announcing that the defendant (appellant here) was allowed to offer evidence on the question of the value of the property involved, one witness, A. R. Tyre, testified in behalf of the defendant. On direct examination he stated that he was tax collector of Appling county, in which said lands are located, and had held that office for nine years; that he was acquainted with real estate values in that county, and was familiar with said land; that "as to its value at any time during the present years, I would not value it at over $2,000.00." On cross-examination he stated that he knew of no private sales of farms in that neighborhood during that year; that if the measure of value is what one who is willing to sell but not obligated to sell would take for that property and what one who is able to buy but not obligated to buy would be willing to give for it, witness was not prepared to say that it would be unreasonable for the two minds to meet under these conditions and the land sell for more than $2,000, or possibly as much as $3,000. After appellee had offered in evidence certified copies of tax returns of said land for the year 1932 at $1,520, and for the year 1933 at $1,375, the witness stated that he knew that some farm lands in Appling county are assessed for not more than 50 per cent. of their value, and "some aint"; and that "as to whether I am prepared to say that an assessment of this land for $1,520.00 is less than fifty per cent of its value and on the basis of this assessment it is not worth $3,000.00 or more, it might be to some people, not to me. On that basis for taxation I would not say that it might not be worth $3,000.00 to one who wanted to buy and was able to buy and one who wanted to sell but was not obliged to sell." The above-mentioned testimony was all the evidence as to the value of said lands, except that a written application signed by the appellant in July, 1922, in pursuance of which the loan of $2,500 secured by said security deed was made, which application was introduced in evidence, stated the value of that land to be $6,000. Following findings by the court to the effect that the allegations of the bill were supported by the evidence, a decree in favor of the appellee was rendered. That decree is complained of solely on the ground that it appears from the record that the value of the matter in controversy is less than is required to give the court jurisdiction.

■ Prior to the enactment of the statute (28 USCA § 80) requiring any suit brought in a District Court to be dismissed if "it shall appear to the satisfaction of the said district court, at any time after such suit has been brought, * * * that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court," the objection to the maintenance of such suit on the ground that the sum or value involved is less than that required to give the court jurisdiction had to be presented by plea in abatement, and the burden was on the party interposing such plea to establish by a preponderance of the evidence the insufficiency of the sum or value involved to confer jurisdiction. Hunt v. New York Cotton Exchange, 205 U. S. 322, 333, 27 S. Ct. 529, 51 L. Ed. 821. Since the enactment of that statute, the objection that jurisdiction to entertain the suit did not exist is one which may be taken by answer or in any other method approved by the court in the exercise of its sound discretion. North Pacific Steamship Co. v. Soley, 257 U. S. 216, 42 S. Ct. 87, 66 L. Ed. 203; Gilbert v. David, 235 U. S. 561, 35 S. Ct. 164, 59 L. Ed. 360.

■■ The court is not chargeable with error in refusing to dismiss the suit as not involving a controversy of an amount sufficient to come within its jurisdiction unless the facts, when made to appear on the record, create a legal certainty of that conclusion. Put-in-Bay Waterworks, etc., Co. v. Ryan, 181 U. S. 409, 431, 21 S. Ct. 709, 45 L. Ed. 927; Wetmore v. Rymer, 169 U. S. 115, 122, 128, 18 S. Ct. 293, 42 L. Ed. 682. It is to be inferred from the action of the court that it did not appear to its satisfaction that the suit did not really and substantially involve a dispute or controversy properly within its jurisdiction. The facts that the appellant when applying for the loan which was secured by the security deed stated the value of the land in question to be $6,000 and that that land was accepted as security for a loan of $2,500 furnished a basis for the conclusion that appellee had not fraudulently overstated the value of the land in order to confer juris-

diction. The record warrants not only the conclusions that the allegation of the bill that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $3,000 was made in good faith, and that it was not legally impossible for that amount to be involved (Smithers v. Smith, 204 U. S. 632, 27 S. Ct. 297, 51 L. Ed. 656; American R. Co. v. South Porto Rico Sugar Co. (C. C. A.) 293 F. 670; Ragsdale v. Rudich (C. C. A.) 293 F. 182), but also the conclusion that it was not made to appear that appellant disproved that allegation when she was afforded an opportunity to do so. The testimony of a single witness was produced to support the challenge of the court's jurisdiction. In view of statements made by that witness in his cross-examination it appears that his statement on his direct examination that he would not value the land at the time the suit was brought at over $2,000 was not based on any definite standard for valuing land, and meant little, if anything, more than a statement of what the witness himself would pay for the land if he wanted to buy it. Furthermore, the probative value of the testimony of that witness may have been adversely affected by infirmities apparent to one in whose presence the testimony was given, but which are not disclosed by a written report of it. It was for the court to pass on the credibility of the witness. The record does not show that the court was in error in concluding that that testimony did not satisfactorily show that the amount or value in controversy was less than was required to give the court jurisdiction. It does not appear from the record that evidence adduced created a legal certainty that the sum or value in controversy was less than that required to give the court jurisdiction of the suit. The decree is affirmed.