## GROVEVILLE SALES CORPORATION v. STEVENS.

District Court, D. New Jersey.
Oct. 5, 1936.

Richard M. Glassner, of Newark, N. J., for plaintiff.

Quinn, Parsons & Doremus, of Red Bank, N. J., for defendant.

FORMAN, District Judge.

Plaintiff filed suit against defendant on two counts, one a claim for $1,700, being the balance due on an alleged loan, and another, a claim for $412.13, being the balance due on a running account.

The suit was instituted in the New Jersey Supreme Court. Defendant answered and counterclaimed in four counts. In the first count he claimed $500 for services rendered. In the remaining three counts he claimed $4,000, $2,500, and $3,000, respectively, for unpaid net profits in which he claimed a ten percent interest.

Plaintiff in the original complaint removed the cause to the federal court. Defendant in the original complaint and counterclaimant moves now to remand the cause to the state court on the ground that the plaintiff does not come within the purview of title 28 U.S.C.A. § 71, authorizing the removal of causes from the state courts to federal courts.

The question of whether a plaintiff, such as the one in this case, made by the answering pleading a defendant to a counterclaim, can avail himself of the benefits of this statute, has been much debated in the cases. See 28 U.S.C.A. § 71, note 668, beginning with the compiler's note as follows: "The authorities are in hopeless discord upon the question whether, when a counter-

564

claim or cross-bill is filed, the plaintiff or the defendant to the original suit is to be regarded as defendant for the purpose of removal."

The more recent cases, however, trend toward the very logical position that where the original plaintiff cannot avail himself of the processes of the federal courts by reason of the insufficiency of the jurisdictional amount in question, sues in the state court, and thereafter is impleaded by a counterclaim in a sum which would have made it possible for him to remove the cause if the counterclaim were an original action, he shall in such case be permitted to take advantage of the statute and remove the cause to the federal court.

In the case of American Fruit Growers v. La Roche (D.C.) 39 F.(2d) 243, 244, Judge Cochran presented his view upon the subject. After stating facts similar in all respects to the case at bar, he said:

"In the present case, the plaintiff had no choice but to bring its suit in the state court. It, therefore, cannot be said to have waived any right it may have as to any other cause of action. If the defendant had brought his case against the plaintiff in the state court, there could be no doubt about the right to a removal. When he filed his counterclaim in the case brought by the plaintiff, then, so far as the counterclaim is concerned, he became the actor and therefore the plaintiff; and the American Fruit Growers, Inc., became, as to the counterclaim, the defendant. In that aspect, the case is literally within the terms of the Removal Act (28 U.S.C.A. § 71). In any aspect of the case, there can be no doubt but that the case is within the spirit of that act. It is only by the most technical reasoning, and by laying aside the actualities of the case and the real position of the parties, that the right to remove can be denied. If the removal cannot be had in this case, then a nonresident who has a small claim, less than the jurisdictional amount in the federal courts, against a citizen of another state, must either forego that claim or must forego his right to a trial in the federal court of any claims that the resident citizen may have against him. I think this would be most unreasonable. My conclusion, therefore, is that the right to remove should be sustained.

"It is therefore ordered, adjudged, and decreed that the motion to remand the case to the state court be, and the same is hereby, refused."

See, also, the case of San Antonio Suburban Irrigated Farms v. Shandy (D.C.) 29 F.(2d) 579.

I concur in the reasoning of the above cases, which I believe controls the issue here.

The motion to remand will be denied.