**O'NEILL BROS., Inc., v. CROWLEY et al.**
**No. 2775.**

District Court, W. D. South Carolina,
Spartanburg Division.

Oct. 8, 1938.

Osborne, Butler & Moore, of Spartanburg, S. C., for plaintiff.

J. Davis Kerr, Jr., of Spartanburg, S. C., for defendants.

WYCHE, District Judge.

The plaintiff, a corporation under the ... te of Pennsylvania, insti... in the court of common ...nburg County against the ... of whom are citizens and ...uth Carolina, and engaged ...artners under the firm name ...ste Company. By its com... seeks to recover of the de... sum of Two Thousand, Five ...enty and 67/100 ($2,520.67) ...due time the defendants an... omplaint, and among other al... ıtained in the answer, is a sec...ted as a counterclaim, whereby ...ınts seek by way of counter... cover of the plaintiff the sum of ...usand, Seven Hundred, Fifty ...75/100 ($4,758.75) Dollars. Up... ing of this answer, and within ...n which plaintiff was allowed un... tatutes and rules of the courts of ...arolina to reply to said counter... petition and bond for the removal ...cause in due form were duly filed ...plaintiff, and the matter is now be... e on the application of the defend... ) remand the cause to the state court.

...e question is therefore whether a ...esident plaintiff, who has instituted ...ction in the state court against resident ...ndants for an amount not within the ...sdiction of the United States Court, ...ı remove the cause to the United States ...ırt upon the filing of a counterclaim by ...ụ defendants seeking an amount within the jurisdiction of this court.

There is a direct conflict in the authorities on the question. Some of the courts hold to the view contended for by the defendants, that the removal statutes must be strictly and technically construed, and that the words "defendant" or "defendants" mean only the titular defendants. Other courts have decided that the language of the removal act, where it refers to "defendant" or "defendants," must be prac-

tically construed with regard to the actual position of the parties in the case.

The determination of the question involves a construction of that portion of Section 28 of the Judicial Code, as amended, 28 U.S.C.A. § 71, which is as follows: "Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State."

The only decision coming from the fourth circuit on this question seems to be American Fruit Growers v. La Roche, D.C., 39 F.2d 243, decided in the eastern district of South Carolina by the late Judge Ernest F. Cochran. This opinion of Judge Cochran, while not binding upon me, is naturally persuasive, and in the absence of a decision on this question by the Circuit Court of Appeals of this Circuit or by the Supreme Court, I am constrained to follow it unless it should appear to me that it is clearly wrong in the reasons assigned therein. In deciding this question Judge Cochran said [page 244]: "In the present case, the plaintiff had no choice but to bring its suit in the state court. It, therefore, cannot be said to have waived any right it may have as to any other cause of action. If the defendant had brought his case against the plaintiff in the state court, there could be no doubt about the right to a removal. When he filed his counterclaim in the case brought by the plaintiff, then, so far as the counterclaim is concerned, he became the actor and therefore the plaintiff; and the American Fruit Growers, Inc., became, as to the counterclaim, the defendant. In that aspect the case is literally within the terms of the Removal Act (28 U.S.C.A. § 71). In any aspect of the case, there can be no doubt but that the case is within the spirit of that act. It is only by the most technical reasoning, and by laying aside the actualities of the case and the real position of the parties, that the right to remove can be denied. If the removal cannot be had in this case, then a nonresident who has a small claim, less than the jurisdictional amount in the federal courts, against a citizen of another state, must either forego that claim or must forego his right to a trial in the federal court of any claims that the resident citizen may have against him. I think this would be most unreasonable."

The question of the status of parties to this litigation must be determined by the law of the state where the controversy arises,—therefore, in this case by the decisions of the South Carolina Supreme Court.

The position of the parties in the instant case with respect to the counterclaim is clearly defined by decisions of the Supreme Court of South Carolina. In Kentucky Refining Company v. Saluda Oil Mill Company, 70 S.C. 89, 48 S.E. 987, the Supreme Court of this state, in discussing the effect of counterclaims and the position of the parties with respect thereto, says [page 988]: "Our construction of the defenses (as they are denominated in the answer) is that the defendant attempted to set up counterclaims arising out of a breach of contract, for it will be observed that it seeks affirmative relief. Co-operative Pub. Co. v. Walker, 61 S.C. 315, 39 S.E. 525. When an answer sets up a counterclaim, the defendant makes himself, in respect to such demand, a plaintiff in fact, though not in name, and the sufficiency of the facts to constitute a counterclaim is to be determined in the same manner as when a demurrer is interposed to a complaint on the ground that it does not state facts sufficient to constitute a cause of action."

And in Inman & Co. v. Hodges, 80 S. C. 455, 61 S.E. 958, the same court said [page 959]: "But the very general rule now is that the defendant who has filed a cross-bill or counterclaim setting up affirmative relief is deemed a plaintiff therein. * * * A counterclaim is in the nature, and has all the characteristics, of a separate and independent action." Citing Kentucky Refining Company v. Saluda Oil Mill Co., supra.

It is perfectly clear therefore that under the decisions of the Supreme Court of South Carolina, binding upon this court on such a question, a defendant who files a counterclaim is really a plaintiff with respect to such counterclaim, asserting a separate and independent action, even though he continues to be denominated in the title of the pleadings as defendant. Since he is in fact the plaintiff in respect to such counterclaim, the titular plaintiff is the defendant, and the plaintiff in the case at bar is the defendant with respect to the counterclaim asserted against it, which has all the other attributes of a removable case.

My attention is called to a decision of the Supreme Court decided in 1868 (West

v. Aurora, 6 Wall. 139, 18 L.Ed. 819), as sustaining the motion to remand. However, a careful consideration of this case shows that it was decided under the Act of 1789, 1 Stat. 73, essentially different from the present Act, known as the Act of 1887. In the Act under consideration in the West Case, removal was permitted only to a defendant who has not submitted himself to the jurisdiction of the state court. Reference to the official report of the decision in the Supreme Court Reporter shows that this language limiting the right to a removal to a defendant who has not submitted himself to the jurisdiction of the state court, is italicized and clearly the language of the act as it existed at that time is entirely different from that in the present act. In addition, it appears that the non-resident plaintiff, who subsequently attempted to remove, could have instituted his action originally in the federal court. See Aurora v. West, 22 Ind. 88, 85 Am.Dec. 413. And it likewise appears from the opinion of the Supreme Court of the United States that the pleas upon which the original plaintiff attempted to remove were defensive pleas coupled with a prayer for injunction. The record presented to the federal court was likewise only a fragment and in view of these decided differences between this case and the West Case, I do not feel that the West Case sustains the motion to remand.

This conclusion is further supported by the language of two decisions of the Supreme Court of the United States, decided since the Removal Act of 1887. In Merchants Heat & Light Company v. James B. Clow & Sons, 204 U.S. 286, 27 S.Ct. 285, 51 L.Ed. 488, the Supreme Court held in an opinion by Mr. Justice Holmes [page 286]: "But by setting up its counterclaim the defendant became a plaintiff in its turn. * * * It is true that the counterclaim seems to have arisen wholly out of the same transaction that the plaintiff sued upon, and so to have been in recoupment rather than in set-off proper. But, even at common law, since the doctrine has been developed, a demand in recoupment is recognized as a cross demand as distinguished from a defense. * * * This single fact shows that the defendant, if he elects to sue upon his claim in the action against him, assumes the position of an actor and must take the consequences. The right to do so is of modern growth, and is merely a convenience that saves bringing another suit, not a necessity of the defense. * * *

As we have said, there is no question at the present day that, by an answer in·recoupment, the defendant makes himself an actor, and, to the extent of his claim, a cross plaintiff in the suit."

While the court was not dealing directly with the question now at issue, it is clear that under the modern doctrine approved by the Supreme Court, a defendant asserting a counterclaim is in fact a plaintiff.

And in Mason City & Fort Dodge Railroad Company v. Boynton, 204 U.S. 570, 27 S.Ct. 321, 51 L.Ed. 629, likewise decided in 1907, where the Removal Act was directly involved, the court reached a like conclusion. That case arose out of a condemnation proceeding between a Railway Company, a resident of Iowa, and a landowner, non-resident of Iowa, concerning acquisition of landowner's property located in Iowa. The condemnation statute of Iowa provided that the landowner should be plaintiff and the railway corporation defendant. The landowner attempted to remove from the state court to the federal court and was met with the contention that he was ·plaintiff and could not therefore qualify as a defendant to remove the case. The Supreme Court, in answer to a query propounded it, by the Circuit Court of Appeals, held that the landowner was the defendant within the meaning of the removal statute, notwithstanding he was named in the condemnation statute as plaintiff. The Supreme Court says among other things, in answer to the contention that the landowner, being a statutory plaintiff, could not remove [page 323]: "But this court must construe the act of Congress· regarding removal. And it is obvious that the word 'defendant' as there used is directed toward more important matters than the burden of proof or the right to open and close. It is quite conceivable that a state enactment might reverse the names which, for the purposes of removal, this court might think the proper ones to be applied. * * * Probably, too, the position of the parties under the act of Congress should be determined upon general considerations, without regard to what has happened."

The Supreme Court in its more recent decisions is therefore in accord with the rule laid down by the Supreme Court of South Carolina as to the actual position of the parties. The modern trend of the decisions of the federal courts supports the view that a proper construction

of the Removal Act requires that the definition of defendant as therein used shall be practical rather than technical, and that the court will look to the actual position of the parties rather than their titular designation in the caption. The following authorities also support this conclusion: Price & Hart v. Ellis & Co., C.C.Ark., 129 F. 482; Chicago, M. & St. P. Ry. Co. v. Spencer, D.C.Iowa, 283 F. 824; Pierce v. Desmond, D.C.Minn., 11 F.2d 327; Zumbrunn v. Schwartz, D.C.Ind., 17 F.2d 609; San Antonio Suburban Irrigated Farms v. Shandy, D.C.Kan., 29 F.2d 579; Bankers Securities Corp. v. Insurance Equities Corp., 3 Cir., 85 F.2d 856, 108 A.L.R. 960; Chambers v. Skelly Oil Co., 10 Cir., 87 F. 2d 853; Groveville Sales Corp. v. Stevens, D.C.N.J., 16 F.Supp. 563.

I am, therefore, of the opinion that a proper construction of the Removal Act requires that as to the counterclaim in this action, the titular plaintiff, who is seeking removal, is a defendant within the meaning of the Act and entitled to remove this cause from the state court to this court.

Counsel may prepare an appropriate order in accordance with the views herein expressed.