**BURTON LINES, INC., Plaintiff,**

v.

**Leon MANSKY, Defendant, and Third-Party Plaintiff,**

v.

**Jimmie Lee LIPSCOMB, Latta Transport Company, Inc., and Samuel Harry Dew, Third-Party Defendants.**

**No. C–249–D–66.**

United States District Court
M. D. North Carolina,
Durham Division.

March 8, 1967.

E. C. Bryson, Jr., James T. Hedrick, Newsom, Graham, Strayhorn & Hedrick, Durham, N. C., for plaintiff and Lipscomb, third-party defendant.

H. E. Stacy, Jr., McLean & Stacy, Lumberton, N. C., Geo. W. Miller, Jr., Corcoran, N. C., for defendant.

John W. Campbell, Lumberton, N. C., A. L. Meyland, G'boro, N.C., for Latta Transport Co., Inc. and Samuel Harry Dew, third-party defendants.

## MEMORANDUM AND ORDER

EDWIN M. STANLEY, Chief Judge.

The single question for decision is whether this Court has diversity jurisdiction to hear and determine the issue involved in this litigation. For the reasons hereinafter stated, the Court is of the opinion that jurisdiction is lacking, and that the matter should be remanded to the Superior Court of Durham County, North Carolina, for trial.

On November 29, 1966, the plaintiff, Burton Lines, Inc., a North Carolina corporation, instituted this action in the Superior Court of Durham County against the defendant, Leon Mansky, a citizen and resident of the State of Pennsylvania, to recover property damage and loss of business profits in the amount of $400.00, growing out of a motor vehicle collision.

On December 20, 1966, the defendant, pursuant to 28 U.S.C. § 1441, filed a petition for removal of the action to this court, alleging diversity of citizenship and an amount in controversy, exclusive of interest and costs, in excess of $10,-000.00. The removal petition further alleged that the jurisdictional amount in controversy arose by reason of the fact that defendant sustained injuries and damages as a result of the collision in an amount not less than $50,000.00, and that he was compelled, under the laws of the State of North Carolina, to assert his claim for injuries and damages by way of counterclaim in the action instituted by the plaintiff in the Superior Court of Durham County. Upon the filing of the removal petition, the matter was duly removed to this court.

On January 5, 1967, the plaintiff moved that the action be remanded to the Superior Court of Durham County, North Carolina, for all further proceedings, contending that this court lacks jurisdiction by reason of the fact that the requisite jurisdictional amount is not present.

On January 17, 1967, the defendant filed answer and asserted a claim against the plaintiff and third party defendants, jointly and severally, in the sum of $98,149.00 for injuries and damages sustained in the collision.

In considering the question presented for determination, it is well to bear in mind that the removal statute (28 U.S.C. § 1441) must be strictly construed, and Federal courts should not extend their jurisdiction beyond the limits which

the statute has defined. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1940).

Since the plaintiff only seeks the recovery of damages in 'the amount of $400.00, the requisite jurisdictional amount is not present in the plaintiff's claim. 28 U.S.C. § 1332(a) and § 1441 (a). Consequently, the crucial question is whether the defendant's counterclaim, even though compulsory under State practice, can be considered for the purpose of satisfying the jurisdictional amount requirement.

■ While there are decisions to the contrary, the better rule seems to be that "the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Gully v. First Nat. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). This is the conclusion reached by this Court in Nello L. Teer Co. v. J. A. Jones Construction Co., 160 F.Supp. 345 (M.D. N.C., 1958).

In Cyclopedia of Federal Procedure, Third Edition, Volume 1, § 2.194, it is stated:

> "For the purpose of removal, the amount appearing on the complaint to be in controversy is the test of a removable controversy and cannot be increased by a counterclaim."

The rule is stated in Moore's Federal Practice, Second Edition, Volume 1A, § 0.167[8] as follows:

> "As a general proposition, the presence of the requisite jurisdictional amount for removal is determined from the plaintiff's claim at the time the petition for removal is filed, and the defendant's counterclaim should not be considered as augmenting the amount in controversy underlying plaintiff's claim.

> "There is, however, some authority, with which we respectfully disagree, that where a counterclaim is compulsory under state practice and the amount involved therein exceeds the requisite jurisdictional sum, the re-

moving defendant may utilize his compulsory counterclaim for the purpose of satisfying the jurisdictional amount requirement. The reasoning generally followed in these cases is that a consideration of only the amount claimed by the plaintiff would encourage a person with a small claim, who is subject to a large claim by a nonresident, to race into state court, sue first, and thereby deprive the nonresident of access to the federal court, and that the compulsory counterclaim is so interrelated with the original complaint that there is only one inseparable cause of action * * *

> \* \* \* \* \* \*

> "Cases which refuse to allow the jurisdictional amount for removal to be established by considering defendant's counterclaim, even though it be compulsory, reason that since it is the intent of Congress to limit removal jurisdiction, the absence of a manifested intent that counterclaims be considered should preclude consideration; and federal removal practice should not be dependent on state procedure as to the status of a counterclaim as permissive or compulsory. We believe these cases reach the correct result.

> "Moreover, the legislative history to the recent amendment increasing the jurisdictional amount for diversity and general federal questions to more than $10,000, exclusive of interest and costs, reveals Congress intended thereby to reduce the federal case load and restrict the number of cases that could be brought in the federal forum." (Footnotes omitted).

■ Believing that the removal statutes should be strictly construed, and that this construction demands that only plaintiff's claim be considered in determining Federal jurisdiction, it is concluded that this case must be remanded to the State court. It is, therefore,

Ordered that this proceeding be, and same hereby is, remanded to the Superior Court of Durham County, North Carolina, for all further proceedings.