**COASTAL AIR SERVICE, INC.,**
**Plaintiff,**

**v.**

**TARCO AVIATION SERVICE, INC.,**
**Defendant.**

**Civ. A. No. 2433.**

United States District Court
S. D. Georgia.

July 22, 1969.

Harry Silverman, Savannah, Ga., for plaintiff.

Fred S. Clark, Savannah, Ga., for defendant.

## ORDER ON MOTION TO REMAND

LAWRENCE, Chief Judge.

Tarco Aviation Service, Inc., a Texas corporation, brought suit upon two checks (aggregating $746.22) against Coastal Air Service, Inc., a Georgia concern, in the Municipal Court of Savannah. The defendant counterclaimed for damages resulting from the alleged unprompt and improper repair of an airplane. The counterclaim ($11,831.16) exceeded the jurisdiction of the Municipal Court which is limited to claims not in excess of $1,000.00.

Coastal then brought an equitable action in the Superior Court of Chatham County seeking to enjoin plaintiff (Tarco) from further proceedings in the Municipal Court case and requiring it to litigate its claim, along with Coastal's counterclaim, in the Superior Court.

In December, 1968, Judge McWhorter issued a rule to show cause and temporarily restrained further proceedings in the court of first resort. On January 16, 1969, he signed an order enjoining the Municipal Court action and requiring the parties to litigate the controversy in the Superior Court.[1]

Thereupon, Tarco removed the case to this Court. The Georgia resident, Coastal, seeks to remand on the grounds that Tarco cannot remove since it is not a defendant and because the required jurisdictional amount is lacking and cannot be supplemented by the damages sought in the counterclaim. As will be seen, the two grounds are closely interrelated.

Under 28 U.S.C. § 1441, which is to be strictly construed against removal, it has been held that the fact that a counterclaim seeks more than the jurisdictional amount does not render the action removable where the sum sued for by plaintiff is below such minimum.[2] However, the cases show considerable diversity of viewpoint. See 76 C.J.S. Removal of Causes § 34. There is also authority that where, under state practice, a counterclaim is compulsory the amount sought in the cross-action is determinative of jurisdiction in a removal case.[3] Georgia's Civil Practice Act of 1967 makes counterclaims mandatory where they arise out of the same transaction or occurrence. Code, Supp. § 81A–113. The filing by a citizen defendant of a counterclaim in a suit in a state court involving an independent cause of action and the requisite jurisdictional amount does not confer upon the non-resident plaintiff the privilege of removal. Shamrock Oil & Gas Corp. v. Sheets et al., 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214. I do not think I have to meet the issue as to independent causes of action or that of mandatory counterclaims. In Magnusson v. American Allied Insurance Company, D.C., 286 F.Supp. 573, at 575, it is said, *"Shamrock Oil * * * is clear and direct authority for the proposition*

---

1. This procedure is sanctioned by Georgia practice. See Otis v. Graham Paper Company, 188 Ga. 778, 4 S.E.2d 824, 125 A.L.R. 333.

2. Brixey v. Union Oil Co. of Cal., D.C., 275 F.Supp. 290; Burton Lines, Inc. v. Mansky, D.C., 265 F.Supp. 489; Fink & Co. v. Standard Ins. Co., D.C., 229 F.Supp. 563; Continental Carriers, Inc. v. Goodpasture, D.C., 169 F.Supp. 602;

Trullinger v. Rosenblum, D.C., 129 F.Supp. 12; Hall v. Bowman, D.C., 171 F.Supp. 454.

3. See Lange v. Chicago, R.I. & P.R. Co., D.C., 99 F.Supp. 1; Continental Carriers, Inc. v. Goodpasture, *supra;* Briggs v. Miami Window Corp., D.C., 158 F.Supp. 229; National Upholstery Co. v. Corley, D.C., 144 F.Supp. 658.

that once it is determined a party is in the position of a plaintiff, a counterclaim, even though stating an independent cause of action, does not make a cause removable, either entirely or as to the counterclaim alone."

■ The removing party (Tarco) argues that Coastal's equitable proceeding is a separate and independent suit —an original action brought against the non-resident in another court. It contends that it is the defendant in the Superior Court case. *Cf.* Groveville Sales Corporation v. Stevens, D.C., 16 F.Supp. 563 and American Fruit Growers v. LaRoche, D.C., 39 F.2d 243. This would exalt form over substance. Coastal filed what was denominated as an "answer, plea, cross-claim" to the suit in the Municipal Court. The effect of the Order of the Superior Court on January 16, 1969, was to transfer the entire Municipal Court litigation including the counterclaim.[4] I do not see how the counterclaim in the process became something other than that. Nor was the situation altered by the fact that in answering Coastal's action in the Superior Court Tarco set up as a "counterclaim" the original demand as sued on by it in the Municipal Court. And merely because under Georgia procedural law Coastal had the burden of proof in the Superior Court and the right to open and conclude does not change the essential nature of things. The posture of the litigation at the time of removal presented a case where the plaintiff was still Tarco and the defendant was still Coastal. Despite the cross-action, there was one case, one plaintiff, one defendant for the purposes of removal.

■■ Federal, not state, law determines who is plaintiff and who is defendant in removal cases. Chicago, R. I. & P. R. Co. v. Stude, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317; Shaver v. Arkansas-Best Freight System, Inc., D.C., 171 F.Supp. 754. A state procedural statute requiring compulsory counterclaims does not control the question of federal jurisdiction. Hall v. Bowman, *supra.*

■■ The right to remove under the statute is confined to defendants who are non-residents of the state. Wheatley v. Martin, D.C., 62 F.Supp. 109. Plaintiffs cannot remove. In re Walker, 9 Cir., 375 F.2d 678; Moore's Federal Practice, 1A § 0.157[7]. Once a plaintiff always a plaintiff. Minkoff v. Budget Dress Corporation, D.C., 180 F. Supp. 818.

The motion to remand must be sustained.

■ Even if I were wrong in this ruling there is grave doubt in my mind as to whether the removal was timely. I agree that the filing of the counterclaim in a court which possessed no jurisdiction did not require removal at the Municipal Court stage. True, too, the removal petition did not have to be filed within the 20-day period after the equitable action in the Superior Court was served on Tarco. The rule nisi was outstanding during that time and the Superior Court had not yet formally taken jurisdiction in the case. But the 20-day period surely started running after that Court directed the litigation to be heard before it. The removal petition was filed on February 10, 1969—23 days after such order on the rule to show cause. Certainly, the 30 days granted by the Court to Tarco for answering the equitable action (and Coastal's claim) did not extend the time within which the case had to be removed. Moore's Federal Practice 1A § 0.168 [3–5]. However, no ruling as to timeliness is necessary here since this Court otherwise lacks jurisdiction.

The motion to remand is granted and the Clerk directed to transfer the case to the Superior Court of Chatham County.

---

4. Prior to bringing the equitable action the case was improvidently transferred by Coastal to the City Court of Savannah on the ground that the amount claimed in the cross-action exceeded the jurisdiction of the Municipal Court. No statutory authority countenanced such a removal.