**James Y. CABE, Receiver for Southern States Pharmaceutical Company, Plaintiff,**

**v.**

**PENNWALT CORPORATION, Defendant.**

**Civ. No. BC–73–147.**

United States District Court, W. D. North Carolina, Bryson City Division.

Feb. 14, 1974.

G. Ward Hendon, Hendon & Carson, Asheville, N. C., for plaintiff.

William C. Morris, Jr., Morris, Golding, Blue & Phillips, Asheville, N. C., for defendant.

## MEMORANDUM OF DECISION AND ORDER

WOODROW WILSON JONES, Chief Judge.

This matter is before the Court upon plaintiff's Motion to Remand filed pursuant to Rule 7(b), Federal Rules of Civil Procedure.

On November 15, 1973, the plaintiff, James Y. Cabe, a citizen and resident of North Carolina, as Receiver for Southern States Pharmaceutical Company, a North Carolina corporation, instituted this action in the Superior Court of Macon County, North Carolina, against the defendant, Pennwalt Corporation, a Pennsylvania corporation, to recover the sum of Ten Thousand Dollars ($10,000.-00) allegedly paid to defendant as a deposit on certain pharmaceutical equipment to be manufactured by defendant. It is further alleged that subsequent to the payment of said deposit, Southern States Pharmaceutical Company cancelled said order and no equipment was ever delivered to it.

On December 21, 1973, defendant pursuant to 28 U.S.C.A., § 1441, filed a petition for removal of the action to this Court, which petition alleged diversity of citizenship and an amount in controversy, exclusive of interest and costs, exceeding the sum of Ten Thousand Dollars ($10,000.00). The removal petition further alleged a counterclaim against plaintiff for $34,980.30 and that the claim and counterclaim involved in this action concern a contract for the sale of personal property by defendant to plaintiff. Upon the filing of said petition, the action was removed to this Court. Defendant also filed an Answer on December 21, 1973 in which it asserted a claim against plaintiff for $34,980.30 which defendant alleged plaintiff owed pursuant to a "Cancellation" provision in a contract entered into between plaintiff and defendant.

On December 28, 1973, plaintiff moved that the action be remanded back to the Macon County Superior Court and that this Court divest itself of jurisdiction on the grounds that defendant's removal petition fails to state a valid ground for removal and that this Court does not have jurisdiction because the amount in controversy does not exceed $10,000.00, exclusive of interest and costs.

The sole question for determination is whether this Court has jurisdiction to hear and determine the issues involved in this case.

Such a determination must depend upon the language of the removal statute (28 U.S.C.A., § 1441), and this statute must be strictly construed, because federal courts should not extend their jurisdiction beyond the confines delineated by the statute. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1940). Plaintiff alleged damages in the amount of $10,000.00 and therefore the requisite federal jurisdictional amount is not present in the Complaint. 28 U.S.C.A., § 1332(a) and § 1441(a). However, defendant urges that its counterclaim which is compulsory under North Carolina law (See Rule 13, North Carolina Rules of Civil Procedure) satisfies the jurisdictional amount requirement.

There is apparently a split of authority on this question. Some courts have held that a counterclaim may be considered for purposes of computing jurisdictional amount. See Wheatley v. Martin, 62 F.Supp. 109 (W.D.Ark.); Lange v. Chicago, R. I. & Pac. R. Co., 99 F.Supp. 1 (D.C.Iowa); Rosenblum v. Trullinger, 118 F.Supp. 394 (E.D.Ark.). Two North Carolina cases have also adhered to this line of cases. See National Upholstery Company v. Corley, 144 F.Supp. 658 (M.D.N.C.1956); McLean Trucking Co. v. Carolina Scenic Stages, Inc., 95 F.Supp. 437 (M.D.N.C.1951). In *National Upholstery,* the court said, "This court accepts without question the general proposition that the complaint normally determines the removability by the nonresident defendant and also agrees

that a counterclaim is not available to increase the amount involved in the litigation." However, the court went on to point out that the defendant's counterclaim was compulsory and that the plaintiff should not be "entitled to reduce the controversy to the mere amount of damages he claims because the controversy inseparably involves not just whether he can recover any damages but whether he is answerable to the defendant for the damages which the plaintiff inflicted on the defendant."

■ Other courts which have distinguished between compulsory and permissive counterclaims and allowed the former to be considered in meeting the jurisdictional amount requirement are the following: Wheatley v. Martin, *supra*, and Lange v. Chicago, *supra*. However, such reasoning would seem to make federal removal procedure dependent upon state court practice and would thereby create numerous tests for federal removability and each federal court would have to determine initially whether a counterclaim was permissive or compulsory under local state law. Ingram v. Sterling, 141 F.Supp. 786 (W.D.Ark. 1956). Federal, not state law determines who is plaintiff and who is defendant in removal actions. Chicago, R. I. & Pac. R. Co. v. Stude, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317 (1954).

Other courts have denied jurisdiction on the basis of the sum of claim and counterclaim. See American Oil Company v. Egan, 357 F.Supp. 610 (D.Minn. 1973); Coastal Air Service, Inc. v. Tarco Aviation Service, Inc., 301 F.Supp. 586 (S.D.Ga.1969); Rudder v. Ohio State Life Insurance Company, 208 F. Supp. 577 (E.D.Ky.1962); Continental Carriers, Inc. v. Goodpasture, 169 F. Supp. 602 (M.D.Ga.1959); Ingram v. Sterling, *supra;* Trullinger v. Rosenblum, 129 F.Supp. 12 (E.D.Ark.1955). In accord with this line of thought is the North Carolina case of Burton Lines, Inc. v. Mansky, 265 F.Supp. 489 (M.D.N.C.1967).

This Court is constrained to adhere to the latter line of legal decisions. Those statutes pertaining to diversity jurisdiction indicate a congressional intent to look no further than the plaintiff's complaint to arrive at the amount in controversy with no consideration given to a counterclaim, be it compulsory or permissive under the relevant state law. Rudder v. Ohio State Life Insurance Company, *supra*. A reading of 28 U.S. C.A., § 1332(b) states that should a plaintiff who originally files a case recover less than the minimum jurisdictional amount, costs of the action are to be taxed to him. No similar provision imposes liability on a defendant where the counterclaim establishes the case's only qualifications for federal jurisdictional amount. According to 28 U.S.C. A., § 1446(b) a defendant has 20 days from the date he receives the first pleading to file a petition for removal and where the action in the first pleading is not removable, a defendant may file for removal 20 days after receiving an amended pleading that does state a removable case. There is no correlative provision where federal jurisdictional requirements initially appear in defendant's pleadings.

In Moore's Federal Practice, 2nd Ed., Vol. 1A, § 0.167(8) we find:

"As a general proposition, the presence of the requisite jurisdictional amount for removal is determined from the plaintiff's claim at the time the petition for removal is filed, and the defendant's counterclaim should not be considered as augmenting the amount in controversy underlying plaintiff's claim.

"There is, however, some authority, with which we respectfully disagree, that where a counterclaim is compulsory under state practice and the amount involved therein exceeds the requisite jurisdictional sum, the removing defendant may utilize his compulsory counterclaim for the purpose of satisfying the jurisdictional amount requirement. The reasoning

generally followed in these cases is that a consideration of only the amount claimed by the plaintiff would encourage a person with a small claim, who is subject to a large claim by a nonresident, to race into state court, sue first, and thereby deprive the nonresident of access to the federal court; and that the compulsory counterclaim is so inter-related with the original complaint that there is only one inseparable cause of action * * *."

 *     *     *     *     *     *

"Cases which refuse to allow the jurisdictional amount for removal to be established by considering defendant's counterclaim, even though it be compulsory, reason that since it is the intent of Congress to limit removal jurisdiction, the absence of a manifested intent that counterclaims be considered should preclude consideration; and federal removal practice should not be dependent on state procedure as to the status of a counterclaim as permissive or compulsory. We believe these cases reach the correct result.

"Moreover, the legislative history to the recent amendment increasing the jurisdictional amount for diversity and general federal questions to more than $10,000, exclusive of interest and costs, reveals Congress intended thereby to reduce the federal case load and restrict the number of cases that could be brought in the federal forum."

■ This Court holds that a counterclaim, either permissive or compulsory, should not be considered in determining the jurisdictional amount for removal of diversity actions to federal court. The removal statute clearly indicates that it was the intent of Congress to limit removal jurisdiction, and there is a total absence of any manifested intent that counterclaims, either permissive or compulsory, should be considered in determining the jurisdictional amount. It is, therefore, concluded that this Court does not have jurisdiction of this action and that the Motion to Remand should be allowed.

It is, therefore, ordered that plaintiff's Motion to Remand, be, and the same is hereby allowed, and this action is remanded to the Superior Court of Macon County, North Carolina, with costs incurred in the purported removal to be taxed to the defendant.