## GULBENKIAN v. GULBENKIAN et al.

District Court, S. D. New York.
April 3, 1940.

Kirlin, Campbell, Hickox, Keating & McGrann, by James H. Herbert, all of New York City, for plaintiff.

Thomas A. McGrath, of New York City, for defendants.

BONDY, District Judge.

The defendants move to dismiss the action on the ground that the amount actually

in controversy is less than $3,000, exclusive of interest and costs.

No facts are alleged in support of the motion, which denies the formal allegation of the complaint as to jurisdictional amount. The defendants contend that it appears from the complaint that the jurisdictional amount is not involved.

■ The plaintiff must plead the facts essential to show jurisdiction, and he bears the burden of showing that the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs. 28 U.S.Code, § 41(1), 28 U.S.C.A. § 41(1); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135. The immediate question is whether the formal allegation as to jurisdictional amount is qualified by other allegations which so detract from it that when all are considered together it can not fairly be said that jurisdiction appears on the face of the complaint. KVOS, Inc., v. Associated Press, 299 U.S. 269, 277, 57 S.Ct. 197, 81 L.Ed. 183; Gibbs v. Buck, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111. This question may appropriately be raised by motion or by the court sua sponte. KVOS, Inc., v. Associated Press, 299 U.S. at page 277, 57 S.Ct. 197, 81 L.Ed. 183, supra; Gibbs v. Buck, 307 U.S. at page 72, 59 S.Ct. 725, 83 L.Ed. 1111, supra.

■ This is an action for the specific enforcement of defendants' agreement to reorganize the Gulbenkian Seamless Rug Co., and to issue to plaintiff 600 shares of the second preferred stock of the reorganized company. Plaintiff also prays that the defendants be directed to convey the assets of the copartnership of Gullabi Gulbenkian Co. to plaintiff or to a receiver as security for the performance of the agreement.

The matter in controversy relates to the 600 shares of second preferred stock of the reorganized company. While the allegations of the complaint do not strengthen the formal allegation as to the jurisdictional amount, the court is of the opinion that they do not qualify or detract from it in such measure that it can not fairly be said that jurisdiction appears on the face of the complaint. The action therefore should not be dismissed on the ground of insufficient pleading of the amount in controversy.

■ Upon the argument, the defendant requested that if the court should not dismiss the action upon the complaint alone, the plaintiff be required to submit evidence to substantiate his allegation as to jurisdictional amount. Where the allegations as to the amount in controversy are challenged by the defendant in an appropriate manner, the plaintiff must support them by competent proof. McNutt v. General Motors Acceptance Corp., 298 U.S. at page 189, 56 S.Ct. 780, 80 L.Ed. 1135, supra; KVOS, Inc., v. Associated Press, 299 U.S. at page 278, 57 S.Ct. 197, 81 L.Ed. 183, supra; Hague v. Committee for Industrial Organization, 307 U.S. 496, 507, 508, 59 S.Ct. 954, 83 L.Ed. 1423. A motion to dismiss based upon the absence of the jurisdictional amount apparently is an appropriate method of challenging the jurisdictional allegations of the complaint. KVOS, Inc., v. Associated Press, 299 U.S. at page 278, 57 S.Ct. 197, 81 L.Ed. 183, supra; Buck v. Gallagher, 307 U.S. 95, 102, 59 S.Ct. 740, 83 L.Ed. 1128.

■ The mode of determination of the issue of jurisdiction is properly a matter for the court to decide. Gibbs v. Buck, 307 U.S. at pages 71, 72, 59 S.Ct. 725, 83 L.Ed. 1111, supra. Thus the court could require the plaintiff to submit proof of the value of the matter in controversy at the present time. The defendants, however, have traversed the truth of the allegation as to the amount in controversy in their answer and, as far as the court is aware, the plaintiff has not sought any preliminary relief of any character. Cf., KVOS, Inc., v. Associated Press, 299 U.S. at page 278, 57 S.Ct. 197, 81 L.Ed. 183, supra; Buck v. Gallagher, 307 U.S. at page 98, 59 S.Ct. 740, 83 L.Ed. 1128, supra. To avoid unnecessary duplication of proof, it would seem preferable to defer the submission of evidence upon the issue of jurisdiction until the trial of the action. See Rule 12(d), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Moore, Federal Practice, section 12.06, p. 652, et seq.

The motion of the defendants is regarded as having been submitted on the complaint alone. It accordingly is denied. If the plaintiff seeks any preliminary relief such as an injunction or the appointment of a receiver, the defendants may renew their motion, in which event the court will consider the advisability of requiring plaintiff then to support by proof his allegation as to the value of the matter in controversy.