**TAYLOR et al. v. HUBBELL et al.**

**TUCSON GAS, ELECTRIC LIGHT & POWER CO. et al. v. HUBBELL et al.**

No. 12594.

United States Court of Appeals
Ninth Circuit.

March 14, 1951.

Rehearing Denied May 8, 1951.

Conner & Jones and Gerald Jones, all of Tucson, Ariz., for appellants Taylor and others.

H. S. McCluskey, Robert E. Yount, Phoenix, Ariz., for appellants Tucson Gas and others.

Udall & Udall, Tucson, Ariz., for appellees.

Before STEPHENS and HEALY, Circuit Judges, and MATHES, District Judge.

MATHES, District Judge.

Plaintiff filed suit in Arizona's superior court against Sanderson & Porter, a partnership, and its members for personal injuries. Diversity of citizenship existed, 28 U.S.C.A. § 1332, and defendants removed the case to the federal court. 28 U.S.C.A. § 1441.

Following removal Tucson Gas, Electric Light and Power Company, plaintiff's employer, and the Industrial Commission of Arizona, a public agency, intervened as

defendants. From a judgment for plaintiff entered upon the jury's verdict defendants and intervenors bring this appeal.

To expand its capacity to supply electricity Tucson Gas contracted with Sanderson & Porter for the construction of additional generating facilities. On June 17, 1949 plaintiff, a lineman of the Tucson company, was injured by bodily contact with high-voltage electrical conductors, part of the facilities then under construction by Sanderson & Porter pursuant to the contract.

Plaintiff applied promptly to the Industrial Commission of Arizona for workmen's compensation. He was awarded payments covering medical expenses and loss of wages to August 30, 1949 when he discontinued presenting claims requisite for further award. October 24, 1949 he filed with the Commission an election to reject compensation and sue Sanderson & Porter.

In the district court appellants moved to dismiss the complaint for lack of jurisdiction over the subject matter. At the close of the evidence and after verdict appellants in substance reasserted this defense by motion for directed verdict. Fed.Rules Civ. Proc. 12(h), 28 U.S.C.A. The grounds of the motion were (1) that appellee and Sanderson & Porter were "in the same employ"—fellow servants of Tucson Gas, Ariz. Code, § 56–949, and (2) that appellee had elected to pursue solely his remedy of workmen's compensation before the Commission, id. § 56–950, and was thus "precluded * * * from maintaining this action."

■ Appellants designate as error the refusal of the district court to submit to the jury the issues as to whether or not appellee and Sanderson & Porter were "in the same employ" and whether or not appellee had irrevocably elected the remedy of workmen's compensation. Even though the reasons for the action of the district court in withholding those issues from the jury do not appear in the record, the decision so to do will of course be affirmed if correct. Helvering v. Gowran, 1937, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224.

Arizona Workmen's Compensation Law provides that: "If an employee entitled to compensation hereunder is injured * * * by the negligence or wrong of another not in the same employ, such injured employee * * * shall elect whether to take compensation under this title or to pursue his remedy against such other", Ariz.Code, § 56–949; and further that: "Every employee * * * who makes application for an award * * * waives any right to exercise any option to institute proceedings in any court", id. § 56–950.

■ This Arizona statute "rests upon the police power to regulate the status of employer and employee", Ocean Accident & Guarantee Corp. v. Industrial Commission, 1927, 32 Ariz. 265, 257 P. 641, 644, 646, and grants to the Commission "full power, jurisdiction and authority to administer and enforce all laws for the protection of life, health, safety and welfare of employees in every case * * * where such duty is not now specifically delegated to any other board or officer * * *." Ariz.Code, § 56–907.

■ To insure uniformity and certainty of compensation to injured employees, Ocean Accident & Guarantee Corp. v. Industrial Commission, supra, 32 Ariz. 235, 257 P. at page 648 "the allowance of compensation to workmen coming within * * * the law is vested exclusively in the commission." Kennecott Copper Corp. v. Industrial Commission, 1945, 62 Ariz. 516, 158 P.2d 887, 890. And where allowance by the Commission is the exclusive remedy of an injured workman, the Arizona courts have "no jurisdiction to hear" an action for damages. S. H. Kress & Co. v. Superior Court, 1947, 66 Ariz. 67, 182 P.2d 931, 934.

■■ A federal court is empowered to exercise such jurisdiction as is conferred by the Congress, Lockerty v. Phillips, 1943, 319 U.S. 182, 187, 63 S.Ct. 1019, 87 L.Ed. 1339, but "the policy of Erie R. Co. v. Tomkins, 1938, [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188] preclude[s] maintenance in * * * federal court in diversity cases of suits to which the State [has] closed its courts." Woods v. Interstate Realty Co., 1949, 337 U.S. 535, 537, 69 S.Ct. 1235, 1237, 93 L.Ed. 1524.

It is axiomatic that "Every court of general jurisdiction has power to determine whether the conditions essential to its exercise exist." Texas & Pac. Ry. Co., v. Gulf C. & S. F. R. Co., 1926, 270 U.S. 266, 274, 46 S.Ct. 263, 265, 70 L.Ed. 578; see State of Rhode Island v. Com. of Mass., 1838, 12 Pet. 657, 37 U.S. 657, 718–720, 9 L.Ed. 1233. Here the district court had jurisdiction of the subject matter only if plaintiff and Sanderson & Porter were "not in the same employ" and if plaintiff had not made an election under the statute to take compensation. S. H. Kress & Co. v. Superior Court, supra, 66 Ariz. 67, 182 P. 2d 931. Being jurisdictional, these issues were triable to the court, not the jury. And the district court properly withheld them from consideration by the jury. See Weaver v. Martori, 1949, 69 Ariz. 45, 208 P.2d 652; State v. Phelps, 1948, 67 Ariz. 215, 193 P.2d 921, 924; Dolese Bros. v. Tollett, 1933, 162 Okl. 158, 19 P.2d 570.

Appellants further contend the evidence shows without conflict that both the partnership of Sanderson & Porter and plaintiff were fellow servants of Tucson Gas—"in the same employ" within the meaning of the statute, Ariz.Code, § 56–949, and so any finding by either court or jury to the effect that Sanderson & Porter were "independent contractors," hence not in the employ of Tucson Gas, must be set aside as contrary to the evidence.

The most that can be said favorably to appellants' view of the evidence on this issue is that the contract and the surrounding circumstances in evidence would support a finding either way. But the preponderance of evidence clearly sustains the implied finding of the district court that Sanderson & Porter were "independent contractors," cf. Brown v. Luster, 9 Cir., 1947, 165 F.2d 181, 185 and plaintiff and Sanderson & Porter were therefore "not in the same employ." Ariz.Code, §§ 56–949, 56–929, 56–928; see Blasdell v. Industrial Commission, 1947, 65 Ariz. 373, 181 P.2d 620; Southwest Lumber Mills v. Industrial Commission, 1943, 60 Ariz. 199, 134 P.2d 162.

Appellants next urge that the acts of plaintiff in applying for and accepting awards of compensation for a period following his injury constituted and were as a matter of law "an election valid, binding and conclusive on appellee of remedy" precluding suit against appellants. See Moseley v. Lily Ice Cream Co., 1931, 38 Ariz. 417, 300 P. 958, 960.

The Arizona Constitution provides that "The right of action to recover damages for injuries shall never be abrogated * * *." Ariz.Const. art. 18, § 6. So in Arizona the action for negligence is "imbedded in the Constitution" and "no statute can take away the right to pursue it without granting a reasonable election to all who, on the facts, are entitled to it." Alabam's Freight Co. v. Hunt, 1926, 29 Ariz. 419, 242 P. 658, 665–666.

The construction placed upon this constitutional limitation by the Arizona courts impels the conclusion that a "reasonable election" of remedy under Arizona law is tantamount to a waiver—"an intentional relinquishment or abandonment of a known right or privilege." Cf. Johnson v. Zerbst, 1938, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461. An injured workman then is accorded a "reasonable election" only when he has (1) knowledge of the alternative remedies available and (2) knowledge that the law precludes him from pursuing but one of such available remedies. Cf. Consolidated Ariz. Smelting Co. v. Ujack, 1914, 15 Ariz. 382, 139 P. 465, 467. Absent such knowledge, to seek one remedy does not constitute an election to waive another. See Johnsen v. American Hawaiian S. S. Co., 9 Cir., 1938, 98 F.2d 847.

The district court impliedly found that appellee's application for and acceptance of workmen's compensation was made either without knowledge of the existence of alternative remedies or without knowledge that the law precluded him from pursuing more than one remedy. The evidence fully sustains the finding that plaintiff did not make an election under the statute. Ariz.Code, §§ 56–949, 56–950.

Our holding that the issues as to election of remedy and identical employ were prop-

erly tried by the court renders unnecessary consideration of appellants' requested instructions on those subjects. No other errors are specified.

The judgment of the district court is affirmed.