**MARKS FOOD CORPORATION, a corporation, et al., Appellants,**

v.

**BARBARA ANN BAKING CO., a corporation, et al., Appellees.**

**No. 16095.**

United States Court of Appeals Ninth Circuit.

Dec. 28, 1959.

As Amended Jan. 25, 1960.

As Amended on Denial of Rehearing Feb. 29, 1960.

Alfred C. Ackerson, Los Angeles, Cal., for appellants.

Heller, Ehrman, White & McAuliffe, Samuel S. Stevens, San Francisco, Cal., for appellees Langendorf United Bakeries, Inc., and Barbara Ann Baking Co.

Vernon Bettin, Dolley, Jessen & Painter, Los Angeles, Cal., for appellee Oroweat Baking Co.

Overton, Lyman & Prince, Carl J. Schuck, Lawrence J. Larson, Los Angeles, Cal., for appellee Barbara Ann Baking Co.

Loeb & Loeb, Francis G. Stapleton, John L. Cole, Robert A. Holtzman, Los

Angeles, Cal., for appellee Continental Baking Co.

Gibson, Dunn & Crutcher, Julian O. Von Kalinowski, John J. Hanson, for appellees Interstate Bakeries Corporation, et al.

Before STEPHENS, BARNES and JERTBERG, Circuit Judges.

STEPHENS, Circuit Judge.

The plaintiffs in this case are several, but by no means all of the Los Angeles retail grocers who purchase bread for resale from defendants who make it. The plaintiffs are suing the defendants for treble damages alleging that defendants have conspired to violate and have violated United States anti-trust statutes, by acts tending to create a monopoly through the fixing of sales prices, giving special discounts and other discriminations against them. The Sherman Act, §§ 1 and 2, Title 15 U.S.C.A. §§ 1, 2; the Robinson-Patman Act, § 1, Title 15 U.S.C.A. § 13; The Clayton Act, § 2, Title 15 U.S.C.A. § 13(a).

█ A session of court with counsel was held preliminarily in which it was agreed that time could be saved by trying the issue of "subject matter jurisdiction" separately [1] and ahead of other issues in the case, and it was agreed that counsel would attempt the formulation of a written stipulation of fact relevant to this special issue. Such a stipulation was agreed to and the court accepted it. See reference to the stipulation regarding the alleged conspiracy in Footnote.[2] The defendants offered nothing in addition. The plaintiffs objected to going forward upon the ground that a jury should be empaneled. They had demanded a jury, the defendants had not. The court then ruled that, as a matter of law, the plaintiffs' case was not within the reach of the anti-trust statutes; or to put it in another way, defendants' businesses were neither in nor did they affect interstate commerce. Accordingly, after making full Findings of Fact and Conclusions of Law, the court "Ordered, Adjudged and Decreed:

1. That plaintiffs' complaint herein is dismissed for lack of jurisdiction over the subject matter thereof.

2. That defendants' counterclaim herein, and each of them, are dismissed for lack of jurisdiction over the subject matter thereof."

Defendants were awarded costs.

The plaintiffs are appealing and contend that the judgment must be reversed because they had a clear constitutional right to a trial to court and jury on every

---

1. The court clearly possessed jurisdiction of the case which it recognized early in the proceedings, when it denied the defendants' first motion to dismiss the complaint. Jurisdiction depends upon facts pleaded, not facts proved. See Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 341 U.S. 246, 249, 71 S.Ct. 692, 95 L.Ed. 912; Brewer v. Hoxie School District No. 46, 8 Cir., 238 F.2d 91, 95–98; Phelan v. Taitano, 9 Cir., 233 F.2d 117; and West Coast Exploration Co. v. McKay, 93 U.S.App.D.C. 307, 213 F.2d 582.

The theory that the existence of an effect on interstate commerce is a jurisdictional fact, enabling the judge to determine the issue for himself—see e. g., Gilbert v. David, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360; and Stauffer v. Exley, 9 Cir., 184 F.2d 962,—will in practice deprive plaintiffs of their right to a jury trial. See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988; Bertha Bldg. Corp. v. National Theatres Corp., 2 Cir., 248 F.2d 833, certiorari denied 356 U.S. 936, 78 S.Ct. 777, 2 L.Ed.2d 811; and Ring v. Spina, 2 Cir., 166 F.2d 546. Anything which may appear in Taylor v. Hubbell, 9 Cir., 188 F.2d 106, should be read in the light of Byrd v. Blue Ridge Elec. Co-op, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953.

2. The stipulation shows that large and continuous shipments of flour and some bread-making machinery from out of state are received by defendants, which flour becomes the basic ingredient of the bread manufactured by defendants. Some of such flour is purchased directly by the defendants and some is contracted for out of state through other wholesale dealers in flour. The damages prayed for are bottomed upon an alleged conspiracy by and between defendants to create a phase of monopoly in the bread market of the Los Angeles area.

issue of the case. Plaintiffs also claim the judgment must be reversed for another reason—that even if they are wrong and the court alone, without the aid of a jury, had a right to rule on the subject matter jurisdiction issue as a matter of law, the court's conclusions were not supported by either fact or law in holding that subject matter jurisdiction had not been shown.

■■ In the consideration of these points, we must first note that the trial court in proper circumstances, has the right to order separate trials for separate issues in the same case, F.R.Civ. P. 42(b), 28 U.S.C.A. We also assume that when this is done in a non-jury case or one in which a jury has been waived, the judge has the power and the duty to receive all proper evidence offered and determine the questions of law and fact which are involved in the separated issue or issues. The rule however, as it seems to us does not sanction the switching of the separated issue in a jury case from the jury to the judge. It may be that this can be done in cases where the very stating of the separated issue shows it to be so frivolous that but the one view is entertainable by reasonable minded persons. The issue in this case is not of that quality. It seems to us that a safe practice would be never to separate the subject matter jurisdiction issue for separate trial in cases where the factual merits of the case must be considered in deciding the separated issue.

Separate trials for the determination of diversity and venue may be resorted to very properly. See Gilbert v. David, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360. Also see Bertha Bldg. Corp. v. National Theatres Corp., 2 Cir., 248 F.2d 833, certiorari denied 356 U.S. 936, 78 S.Ct. 777, 2 L.Ed.2d 811, in which the statute of limitations is involved.

■ Mr. Justice Black in Beacon Theatres, Inc., v. Westover, 359 U.S. at pages 500, 501, 79 S.Ct. at page 952 says, "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care," quoting from Dimick v. Schiedt, 293 U.S. 474–486, 55 S.Ct. 296, 79 L.Ed. 603. See Byrd v. Blue Ridge Elec. Co-op, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953. The trial judge in our case was of the opinion and found from the written stipulation and concession by plaintiffs that defendants were not in interstate commerce and that (we quote from his opinion) "In the case at bar, after a full hearing on the question of the interstate commerce phase of the case, we are of the opinion that plaintiffs have failed to establish defendants' business of producing and marketing bread is in or directly affects trade and commerce among the several states as alleged in the complaint." Thus the court took from the jury the determination of the basic issue in the case. We hold that the judgment must be reversed because of the court's assumption of the jury's prerogative.

The judgment appealed from is reversed and the case is remanded for trial in accordance with this opinion.

Reversed and remanded.