**Ann SHAFFER, Plaintiff,**

v.

**COTY, INC., a corporation, Defendant.**

**No. 265-58.**

United States District Court
S. D. California,
Central Division.

May 3, 1960.

Lyon & Lyon, Frederick W. Lyon, Los Angeles, Cal., for plaintiff.

Harris, Kiech, Foster & Harris, Warren L. Kern, Los Angeles, Cal., for defendant.

MATHES, District Judge.

This is an action for injunctive relief and damages grounded upon alleged infringement of an unregistered trademark, "Fairy Princess", used in connection with plaintiff's product on certain unusual containers designed to hold bubble bath, lotion, cologne, and the like.

■ Plaintiff's original complaint, invoking the jurisdiction of this Court under §§ 43(a) and 44(f) of the Lanham Act [15 U.S.C.A. §§ 1125(a) and 1126 (f)], was dismissed for lack of jurisdiction over the subject matter, inasmuch as that Act does not confer upon the Federal courts jurisdiction over "naked" claims for unfair competition, or over claims for infringement of unregistered marks. See: Royal Lace Paper Works, Inc. v. Pest-Guard Products, 5 Cir., 1957, 240 F.2d 814, 815–820; L'Aiglon Apparel, Inc. v. Lana Lobell, Inc., 3 Cir., 1954, 214 F.2d 649, 650–654; American Auto Ass'n v. Spiegel, 2 Cir., 1953, 205 F.2d 771, 773–775; Ramirez & Feraud Chili Co. v. Las Palmas Food Co., D.C. S.D.Cal.1956, 146 F.Supp. 594, 600, 603, affirmed 9 Cir., 1957, 245 F.2d 874, certiorari denied 1958, 355 U.S. 927, 78 S.Ct. 384, 2 L.Ed.2d 357; Haeger Potteries v. Gilner Potteries, D.C.S.D.Cal. 1954, 123 F.Supp. 261, 264–266; cf.:

Pagliero v. Wallace China Co., 9 Cir., 1952, 198 F.2d 339, 340–341; Stauffer v. Exley, 9 Cir., 1950, 184 F.2d 962, 964–967; In re Lyndale Farm, 1951, 186 F.2d 723, 725–727, 38 CCPA 825, 829–832.

Plaintiff then filed by leave of court an amended complaint for injunctive relief and damages under State law, invoking the jurisdiction of this Court upon the basis of diversity of citizenship, and alleging that the "matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs", the action having been commenced prior to the amendment of 28 U.S.C. § 1332 by 72 Stat. 415 (July 25, 1958).

Defendant challenged the allegation that the requisite jurisdictional amount is in controversy, and moved to dismiss the action for lack of Federal jurisdiction over the subject matter. Fed.R.Civ.P. 12 (b)(1), 28 U.S.C.

■ It is basic of course that Federal courts have only that jurisdiction which has been specifically conferred by the Congress. U.S.Const. art. III; Lockerty v. Phillips, 1943, 319 U.S. 182, 187, 63 S.Ct. 1019, 87 L.Ed. 1339; Sheldon v. Sill, 1850, 8 How. 441, 449, 49 U.S. 441, 449, 12 L.Ed. 1147. This principle is reflected in the requirement that a complaint "contain * * * a short and plain statement of the grounds upon which the court's jurisdiction depends * * *." Fed.R.Civ.P. 8(a)(1).

■ An uncontroverted allegation that the requisite jurisdictional amount is in controversy, unless contradicted by the complaint as a whole, is generally sufficient to comply with Rule 8(a)(1). [See 2 Moore, Federal Practice § 8.11 at 1638 (2d ed. 1948).] But where the allegation as to amount in controversy is challenged, the burden of establishing by a preponderance of evidence that the amount exceeds the minimum sum or value necessary to confer Federal jurisdiction rests upon the party so alleging. KVOS, Inc. v. Associated Press, 1936, 299 U.S. 269, 277–278, 57 S.Ct. 197, 81 L.Ed. 183; McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178,

189–190, 56 S.Ct. 780, 80 L.Ed. 1135; City of Forsyth v. Mountain States Power Co., 9 Cir., 1942, 127 F.2d 583, 584–585.

■ Thus when the jurisdictional amount is challenged, as at bar, an issue is raised which must be adjudicated as one of jurisdictional fact. Indeed, even though no challenge is so much as intimated, jurisdiction is always the threshold question in every case brought to the Federal courts, and the Supreme Court has admonished from the beginning that: "This question the court is bound to ask and answer for itself, even when not otherwise suggested \* \* \*." Mansfield, C. & L. M. R. Co. v. Swan, 1884, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462; Capron v. Van Noorden, 1804, 2 Cranch 125, 126, 6 U.S. 126, 2 L.Ed. 229; see Fed.R.Civ.P. 12(h)(2).

■ It may be accepted as axiomatic then that in every case the court has power to determine whether the facts requisite to jurisdiction exist. Texas & Pac. Ry. Co. v. Gulf, Colorado & Santa Fe Ry. Co., 1926, 270 U.S. 266, 274, 46 S.Ct. 263, 70 L.Ed. 578. And it has been generally thought and held that issues as to jurisdictional fact are triable to the court. North Pac. S. S. Co. v. Soley, 1921, 257 U.S. 216, 221–223, 42 S.Ct. 87, 66 L.Ed. 203; Gilbert v. David, 1915, 235 U.S. 561, 568, 35 S.Ct. 164, 59 L.Ed. 360; Wetmore v. Rymer, 1898, 169 U.S. 115, 121–122, 18 S.Ct. 293, 42 L.Ed. 682; Taylor v. Hubbell, 9 Cir., 188 F.2d 106, 109, certiorari denied 1951, 342 U.S. 818, 72 S.Ct. 32, 96 L.Ed. 618.

Although neither the mode nor the method of determining such issues has ever been prescribed in detail [Gibbs v. Buck, 1939, 307 U.S. 66, 71–72, 59 S.Ct. 725, 83 L.Ed. 1111], the provisions of Rule 12(d) of the Federal Rules of Civil Procedure plainly contemplate a "preliminary hearing" and adjudication of jurisdictional issues in advance of trial [see: Stauffer v. Exley, supra, 184 F.2d at page 967; 2 Moore, Federal Practice, supra, § 12.16 at 2274–2275]. Additionally, the Supreme Court has declared that: "As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court." Gibbs v. Buck, supra, 307 U.S. at pages 71–72, 59 S.Ct. at page 729; see Land v. Dollar, 1947, 330 U.S. 731, 735, 67 S.Ct. 1009, 91 L.Ed. 1209; see e. g. Gulbenkian v. Gulbenkian, D.C.S.D.N.Y.1940, 33 F.Supp. 19, 20.

■ Moreover it has been held that, in the exercise of this broad discretion, the District Court may hear testimony and other evidence [Gilbert v. David, supra, 235 U.S. at page 568, 35 S.Ct. at page 166], and may also receive and weigh affidavits as evidence [Land v. Dollar, supra, 330 U.S. at page 735, 67 S.Ct. at page 1010; KVOS, Inc. v. Associated Press, supra, 299 U.S. at pages 278–279, 57 S.Ct. at page 201; Wetmore v. Rymer, supra, 169 U.S. at page 119, 18 S.Ct. at page 295; see McNutt v. General Motors Acceptance Corp., supra, 298 U.S. at page 189, 56 S.Ct. at page 785; see also Fed.R. Civ.P. 43(a)(e), 52(a)], of the existence or non-existence of requisite jurisdictional facts. Of course the District Court's "mode of determination" of jurisdictional issues must always be such as to permit a reviewing court to ascertain whether the evidence supports the trial court's finding. Wetmore v. Rymer, supra, 169 U.S. at page 121, 18 S.Ct. at page 295.

Subject to this limitation, my opinion has been that it rested entirely within the District Court's discretion to decide whether issues of jurisdictional fact should be tried summarily or plenarily, or by judge or jury. See: Ramirez & Feraud Chili Co. v. Las Palmas Food Co., supra, 146 F.Supp. at pages 597–598; Smith v. Sperling, D.C.S.D.Cal.1953, 117 F.Supp. 781, 786–788, affirmed 9 Cir., 1956, 237 F.2d 317, reversed on other grounds 1957, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205; Williams v. Minnesota Mining & Manufacturing Co., D.C.S.D. Cal.1953, 14 F.R.D. 1, 4–6; see also: Fireman's Fund Ins. Co. v. Railway Express Agency, 6 Cir., 1958, 253 F.2d 780, 782–784; Taylor v. Hubbell, supra, 188 F.2d at page 109. Indeed, the Supreme

Court itself has said that "when a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion * * *, the court may inquire by affidavits or otherwise, into the facts as they exist." Land v. Dollar, supra, 330 U.S. at page 735, 67 S.Ct. at page 1011, note 4.

However, recent decisions indicate that the allowable discretion of the District Court as to how issues of jurisdictional fact are to be adjudicated, and by whom, may be less broad than the earlier cases state. See: Beacon Theatres, Inc. v. Westover, 1959, 359 U.S. 500, 508–511, 79 S.Ct. 948, 3 L.Ed.2d 988; Magenau v. Aetna Freight Lines, 1959, 360 U.S. 273, 278, 79 S.Ct. 1184, 3 L.Ed.2d 1224; Byrd v. Blue Ridge Rural Electric Cooperative, 1958, 356 U.S. 525, 533–540, 78 S.Ct. 893, 2 L.Ed.2d 953; Marks Food Corp. v. Barbara Ann Baking Co., 9 Cir., 1959, 274 F.2d 934, 936; Bertha Building Corp. v. National Theatres Corp., 2 Cir., 1957, 248 F.2d 833, 835–836; see also Ring v. Spina, 2 Cir., 1948, 166 F.2d 546, 550; cf. Smith v. Sperling, supra, 354 U.S. at pages 96–98, 77 S.Ct. at pages 1115–1116.

In Byrd v. Blue Ridge Rural Electric Cooperative, supra, 356 U.S. at pages 533–540, 78 S.Ct. at pages 898–902, a diversity case, plenary trial by the court, instead of by the jury, of the jurisdictional issue as to whether or not the plaintiff was a "statutory employee" and as such remitted to the exclusive remedy of benefits under the South Carolina Workmen's Compensation Act, Code 1952, § 72–1 et seq., was held to be error. The Court did not there treat the issue as jurisdictional, but appears to have rested decision upon what is said to be a broad "federal policy favoring jury decisions of disputed fact questions * * *." 356 U.S. at page 538, 78 S.Ct. at page 901.

Earlier, in Taylor v. Hubbell, supra, 188 F.2d at pages 108–109, the Court of Appeals for the Ninth Circuit had upheld plenary trial by the court, instead of by the jury, of the jurisdictional issue as to whether or not the plaintiff was in the "same employ" as the defendant and hence remitted to the exclusive remedy of benefits under the Arizona Workmen's Compensation Law, A.R.S. § 23–901 et. seq. Only recently, however, that Court held, in a private antitrust case, that plenary non-jury trial of the jurisdictional issue as to whether or not plaintiff's and defendant's businesses were "in or affected interstate commerce" amounted to usurpation of a prerogative of the jury. [Marks Food Corp. v. Barbara Ann Baking Co., supra, 274 F.2d at page 936]; and the Court went on to say that: "Anything which may appear in Taylor v. Hubbell * * * [supra, 188 F.2d at pages 108–109] should be read in the light of Byrd v. Blue Ridge Co-op. * * * [supra, 356 U.S. at pages 533–540, 78 S.Ct. at pages 898–902]". 274 F.2d at page 935, note 1.

Thus the boundaries of the discretion previously thought to be accorded the District Courts in the choice of "mode of determination" of jurisdictional-fact issues may have been substantially narrowed. The problem now is to find the extent to which discretion has been curtailed. As I read the opinion, the Marks Food case teaches that, in actions at law where trial by jury is a matter of right under the Seventh Amendment, the parties are entitled to demand that jurisdictional-fact issues be submitted to the jury, at least where such issues are inextricably bound with the issues that go to the merits; that is to say, if the case is one "where the question of jurisdiction is dependent on decision of the merits." Land v. Dollar, supra, 330 U.S. at page 735, 67 S.Ct. at page 1011; cf. Smith v. Sperling, supra, 354 U.S. at pages 95–96, 77 S.Ct. at pages 1114–1115; see Williams v. Minnesota Mining & Manufacturing Co., supra, 14 F.R.D. at pages 8–9.

As ground for the decision in the Marks Food case, the Court of Appeals observed: "The theory that the existence of an effect on interstate commerce is a jurisdictional fact, enabling the judge to determine the issue for himself * * will in practice deprive plaintiffs of their

right to a jury trial." 274 F.2d at page 935, note 1. The rationale of this concern for jury trial in civil cases applies *a fortiori* to the factual issues involved in determining whether the amount in controversy is sufficient to give a Federal court subject-matter jurisdiction, since an issue as to the amount in controversy is almost always inseparable from the merits.

Over a half century ago, in Smithers v. Smith, 1907, 204 U.S. 632, 27 S.Ct. 297, 298, 51 L.Ed. 656, an action at law "for the recovery of certain land and damages for the detention thereof", the trial judge heard evidence and, finding that the value of the land was not as alleged but was less than the minimum jurisdictional amount, dismissed the action for want of subject-matter jurisdiction. There being no evidence that the plaintiff acted in bad faith in alleging damages within Federal jurisdiction, the Court reversed the judgment of dismissal and, commenting upon the authority of the trial judge to adjudicate the jurisdictional facts, said: "Such an authority obviously is not unlimited, and its limits ought to be ascertained and observed, lest, under the guise of determining jurisdiction, the merits of the controversy between the parties be summarily decided without the ordinary incidents of a trial, including the right to a jury. For it must not be forgotten that where, in good faith, one has brought into court a cause of action which, as stated by him, is clearly within its jurisdiction, he has the right to try its merits in the manner provided by the Constitution and law, and cannot be compelled to submit to a trial of another kind." 204 U.S. at page 645, 27 S.Ct. at page 300; see Fireman's Fund Ins. Co. v. Railway Express Agency, supra, 253 F.2d at pages 783–785.

■ In actions at law where trial by jury is a matter of right, the plaintiff's claim, *e. g.* as to the amount of damages sustained as a proximate consequence of an alleged wrongful act of the defendant, ordinarily serves to fix for jurisdictional purposes prior to plenary trial on the merits the sum or value of the matter in controversy, unless the amount appears not to be claimed in good faith. Globe Refining Co. v. Landa Cotton Oil Co., 1903, 190 U.S. 540, 546–547, 23 S.Ct. 754, 47 L.Ed. 1171; Smith v. Greenhow, 1884, 109 U.S. 669, 671, 3 S.Ct. 421, 27 L.Ed. 1080. Of course, "where the law gives the rule, the legal cause of action, and not plaintiff's demand, must be regarded." McNutt v. General Motors Acceptance Corp., supra, 298 U.S. at page 182, 56 S.Ct. at page 782; Barry v. Edmunds, 1886, 116 U.S. 550, 560, 6 S.Ct. 501, 29 L.Ed. 729; Parmelee v. Ackerman, 6 Cir., 1958, 252 F.2d 721, 722.

■ As Mr. Justice Roberts put it in St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, "if from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." 303 U.S. at page 289, 58 S.Ct. at page 590.

■ It may be said generally then that, absent any question of bad faith, or some legal limitation upon plaintiff's claim such as would necessarily reduce it below the jurisdictional minimum, the amount demanded is to be taken at face value for jurisdictional purposes. And the presently prevailing view seems to be that, in actions at law where trial by jury is a matter of right, a challenge to the jurisdictional amount may not be adjudicated summarily in the face of timely objection by a party, but must be tried plenarily and submitted for jury determination. Of course, where segregation of the jurisdictional issue is appropriate under Rule 42(b) of the Federal Rules of Civil Procedure, plenary trial by jury may be had of the jurisdictional issue alone.

But in cases which are in effect suits in equity, there is no basis for a requirement that jurisdictional issues be submitted to a jury. Hence it would seem

that, in equity cases at least, the "mode of determination" of jurisdictional issues remains within the discretion of the trial court. Cf. Stauffer v. Exley, supra, 184 F.2d at page 967. However, the same conclusion might not be reached in a case in which claims of both legal (i. e. triable to a jury) and equitable nature are to be adjudicated. See Ring v. Spina, supra, 166 F.2d at page 550; cf. Beacon Theatres, Inc. v. Westover, supra, 359 U.S. at pages 509–511, 79 S.Ct. at pages 956–957.

■ Inasmuch as trial judges are duty bound to follow precedents set by appellate courts, it seems only fair that this obligation should carry with it a correlative right to comment, and perhaps even to complain, about those precedents. In exercise of that assumed right I feel prompted to confess, with all due deference, that I am unable to perceive justification either in reason or in policy for permitting limitations upon the trial court's discretion as to mode of determination of jurisdictional facts to turn upon whether the case presents an action "at law" or a suit "in equity".

Findings as to jurisdictional facts are purely interlocutory in character [City of Hammond v. Schappi Bus Line, 1927, 275 U.S. 164, 172, 48 S.Ct. 66, 72 L.Ed. 218], and do not constitute in any way adjudications upon the merits. Fed.R. Civ.P. 41(b). Hence, there appears to be nothing in the nature of a due-process requirement calling for the same procedural safeguards as those required to be followed in making a final adjudication of issues upon the merits. Indeed policy considerations indicate that widely different procedures may be both sensible and desirable.

Since want of Federal jurisdiction renders nugatory all proceedings on the merits in this Court, it is obvious that early determination of jurisdictional-fact issues will save time and expense for both the parties and the court. To compel the submission of those issues for jury determination is a cumbersome and costly procedure that seems to be plainly contrary to both the spirit and the letter of the Rules. See: Fed.R.Civ.P. 12(b) (1), 12(d), 12(h)(2), 41(b), 43(e), 52 (a). See also Hart and Wechsler, The Federal Courts and the Federal System, 719–723 (1953).

Furthermore, as suggested above, the earlier decisions apparently encountered no problem in permitting the trial court to decide jurisdictional issues summarily, even in actions at law triable as of constitutional right to a jury. See: Globe Refining Co. v. Landa Cotton Oil Co., supra, 190 U.S. at pages 541, 547, 23 S.Ct. at pages 754–757; Wetmore v. Rymer, supra, 169 U.S. at page 121, 18 S.Ct. at page 295; Deputron v. Young, 1890, 134 U.S. 241, 250–253, 10 S.Ct. 539, 33 L.Ed. 923; Smith v. Greenhow, supra, 109 U.S. at pages 670–671, 3 S.Ct. at pages 421–422; Williams v. Nottawa, 1881, 104 U.S. 209, 212–213, 26 L.Ed. 719.

Finally, it may be recalled that in areas such as patent, copyright, trademark infringement and unfair competition, where claims both "at law" and "in equity" frequently arise out of the same transaction, the plaintiff alone can control the right to trial by jury merely by the way in which his complaint is framed. See: Bereslavsky v. Kloeb, 6 Cir., 1947, 162 F.2d 862, 863–864; Bereslavsky v. Caffey, 2 Cir., 161 F.2d 499, 500, certiorari denied 1947, 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355; Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, 468; Bruckman v. Hollzer, 9 Cir., 1946, 152 F.2d 730, 731–732; Ross v. Plastic Playthings, Inc., D.C.S.D.N.Y.1956, 138 F.Supp. 887, 888–889; Van Alen v. Aluminum Co. of America, D.C.S.D.N.Y. 1942, 43 F.Supp. 833, 835; Protexol Corp. v. Koppers Co., D.C.S.D.N.Y.1951, 12 F.R.D. 7, 8–9; Berlin v. Club 100, D.C.D.Mass.1951, 12 F.R.D. 129, 130; cf. 4 Pomeroy, Equity Jurisprudence §§ 1354, 1355 (5th ed. 1941).

To hold that a plaintiff, by the language of his pleading, can in effect control the mode in which this Court may determine whether or not it has jurisdiction of the subject matter of a cause would appear but a throwback to the days when form ruled over substance.

In any event, the problem of whether jurisdictional-fact issues must be submitted to the jury is not necessarily confronted in the case at bar. For here plaintiff invokes the equity jurisdiction of this Court [Briggs v. United Shoe Machinery Co., 1915, 239 U.S. 48, 50, 36 S.Ct. 6, 60 L.Ed. 138], seeking an injunction to restrain future infringement and an accounting of profits derived from past infringement and unfair competition, together with a money judgment incidental to the equitable relief asked. Cf.: Chappell & Co. v. Palermo Cafe Co., 1 Cir., 1957, 249 F.2d 77, 80–82, affirming D.C.D.Mass.1956, 146 F.Supp. 867; Coca-Cola Co. v. Old Dominion Beverage Corp., 4 Cir., 1921, 271 F. 600, 602; Folmer Graflex Corp. v. Graphic Photo Service, D.C.D.Mass.1941, 41 F.Supp. 319, 320; see: Clark v. Wooster, 1886, 119 U.S. 322, 325, 7 S.Ct. 217, 30 L.Ed. 392; Beaunit Mills v. Eday Fabric Sales Corp., 2 Cir., 1942, 124 F.2d 563, 565–566; Bellavance v. Plastic-Craft Novelty Co., D.C.D.Mass.1939, 30 F.Supp. 37, 38–39. Since the law affords no adequate remedy, it is plain that this action is not one at common law with respect to which a jury trial is a matter of right under the Seventh Amendment, but is in effect a suit in equity as to which there is no problem of jury trial. See: N.L.R.B. v. Jones & Laughlin Steel Corp., 1937, 301 U.S. 1, 48, 57 S.Ct. 615, 81 L.Ed. 893; Schoenthal v. Irving Trust Co., 1932, 287 U.S. 92, 94–97, 53 S.Ct. 50, 77 L.Ed. 185; Kemp-Booth Co. v. Calvin, 9 Cir., 1936, 84 F.2d 377, 380.

The question confronted here then is whether, in a case invoking the equity jurisdiction of this Court, the trial judge as fact-finder may in his discretion decide a jurisdictional issue summarily or must try it plenarily, albeit perhaps as a "separate issue" under Rule 42(b). Where the jurisdictional issue to be determined in a non-jury case stands apart from the issues as to the merits of the controversy, as for example a challenge as to citizenship in a diversity case, it is appropriate to try that issue summarily, upon motion, and by receiving and weighing affidavits. See: Land v. Dollar, supra, 330 U.S. at page 735, 67 S.Ct. at page 1010; KVOS, Inc. v. Associated Press, supra, 299 U.S. at pages 278–279, 57 S.Ct. at page 201; Wetmore v. Rymer, supra, 169 U.S. at page 119, 18 S.Ct. at page 295; Morris v. Gilmer, 1889, 129 U.S. 315, 326, 9 S.Ct. 289, 32 L.Ed. 690; Seideman v. Hamilton, 3 Cir., 1960, 275 F.2d 224, 226, affirming D.C.E.D.Pa.1959, 173 F.Supp. 641, 642–644, certiorari denied 80 S.Ct. 1258; Lane Bryant, Inc. v. Maternity Lane, 9 Cir., 1949, 173 F.2d 559, 562.

On the other hand, where a jurisdictional issue coincides in whole or substantial part with an issue going to the merits, as for example a challenge as to the amount of damage in controversy, considerations of policy underlying the due-process concept are said to require that determination be made only after plenary trial, even in non-jury cases. Cf.: Magenau v. Aetna Freight Lines, supra, 360 U.S. at page 278, 79 S.Ct. at page 1188; Byrd v. Blue Ridge Rural Electric Cooperative, supra, 356 U.S. at pages 533–540, 78 S.Ct. at pages 898–902; Land v. Dollar, supra, 330 U.S. at page 735, 67 S.Ct. at page 1011; Smithers v. Smith, supra, 204 U.S. at pages 642–646, 27 S.Ct. at pages 299–301; Marks Food Corp. v. Barbara Ann Baking Co., supra, 274 F.2d at page 936; Fireman's Fund Ins. Co. v. Railway Express Agency, supra, 253 F.2d at pages 783–785; Taylor v. Hubbell, supra, 188 F.2d at pages 108–109; Williams v. Minnesota Mining & Manufacturing Co., supra, 14 F.R.D. at pages 7–9.

In keeping with the policy just stated, defendant's motion here to dismiss for lack of jurisdiction over the subject matter, presenting as it does the issue as to whether the requisite jurisdictional amount is in controversy, has been in effect subjected to a plenary trial on the facts, the parties having been accorded the privilege of offering and cross-examining witnesses if desired, and having announced that they have brought forth all evidence that they wish to proffer on the issue.

■ Turning now to a consideration of the evidence so adduced, it is worth recalling at the outset that an action for infringement and unfair competition as to a business mark or name commonly falls into one of two categories. In the first category are cases where plaintiff's right and good will are claimed to be threatened with total destruction by the alleged wrongful acts of the defendant. In such cases, plaintiff must show that the total value of his entire right equals or exceeds the jurisdictional minimum. Seagram-Distillers Corp. v. New Cut Rate Liquors, 7 Cir., 245 F.2d 453, 456–458, certiorari denied 1957, 355 U.S. 837, 78 S.Ct. 61, 2 L.Ed.2d 48; Seven-Up Co. v. Blue Note, Inc., D.C.N.D.Ill., 159 F. Supp. 248, 249–251, affirmed 7 Cir., 1958, 260 F.2d 584, 585, certiorari denied 1959, 359 U.S. 966, 79 S.Ct. 878, 3 L.Ed.2d 835; see Gibbs v. Buck, supra, 307 U.S. at pages 72–76, Brotherhood of Locomotive Firemen and Enginemen v. Pinkston, 1934, 293 U.S. 96, 99–100, 55 S.Ct. 1, 79 L.Ed. 219; Berryman v. Board of Trustees of Whitman College, 1912, 222 U.S. 334, 345–348, 32 S.Ct. 147, 56 L.Ed. 225.

The second category includes those cases where plaintiff's right and good will are claimed to be threatened, not with total destruction, but with some injury and damage, as a proximate consequence of the alleged wrongful acts of the defendant. In such cases, plaintiff must show "that the monetary value of the damage or injury to [his] good will, sustained or threatened" equals or exceeds the jurisdictional minimum. Seagram-Distillers Corp. v. New Cut Rate Liquors, supra, 245 F.2d at page 458; Seven-Up Co. v. Blue Note, supra, 159 F.Supp. at pages 249–250.

■ The evidence clearly places the case at bar in the second category. So here plaintiff has the burden to prove by a preponderance of the evidence that the amount in controversy exceeds $3,000, exclusive of interest and costs. KVOS, Inc. v. Associated Press, supra, 299 U.S. at pages 277–278, 57 S.Ct. at pages 200–201; McNutt v. General Motors Acceptance Corp., supra, 298 U.S. at pages 189–190, 56 S.Ct. at page 785; City of Forsyth v. Mountain States Power Co., supra, 127 F.2d at pages 584–585.

■ But plaintiff's own evidence establishes at most that her aggregate losses proximately resulting from defendant's acts do not amount to as much as $1,000; that she has spent only $200 advertising the unregistered trademark claimed to have been infringed; that features of plaintiff's products, other than those features claimed to be infringed, contribute to the sales appeal of the products; and that it is not possible to ascertain what part, if any, of plaintiff's loss has been caused by any act of the defendant.

■ Although damages need only be established within a reasonable approximation where the evidence shows that plaintiff was in fact damaged as a proximate consequence of defendant's wrong and uncertainty exists only as to the amount [Anderson v. Mt. Clemens Pottery Co., 1946, 328 U.S. 680, 687–688, 66 S.Ct. 1187, 90 L.Ed. 1515; Bigelow v. RKO Radio Pictures, 1946, 327 U.S. 251, 262–266, 66 S.Ct. 574, 90 L.Ed. 652; Palmer v. Connecticut Railway & Lighting Co., 1941, 311 U.S. 544, 560–561, 61 S.Ct. 379, 85 L.Ed. 336; Story Parchment Co. v. Paterson Parchment Paper Co., 1931, 282 U.S. 555, 562–563, 51 S.Ct. 248, 75 L.Ed. 544; Eastman Kodak Co. of New York v. Southern Photo Materials Co., 1927, 273 U.S. 359, 378–379, 47 S. Ct. 400, 71 L.Ed. 684; Hetzel v. Baltimore & O. R. Co., 1898, 169 U.S. 26, 37–38, 18 S.Ct. 255, 42 L.Ed. 648], in the case at bar it is not possible to find from plaintiff's evidence either the fact or the amount of any past or prospective damage proximately resulting from defendant's acts.

So the finding must be that plaintiff has failed to show by a preponderance of the evidence that the monetary value of the sustained or threatened damage to her good will, and hence the amount in controversy in this case, is as much as $3,000. It thus appears "to a legal certainty" that the requisite jurisdictional amount is not here in controversy. St.

Paul Mercury Indemnity Co. v. Red Cab Co., supra, 303 U.S. at page 289, 58 S.Ct. at page 590; KVOS, Inc. v. Associated Press, supra, 299 U.S. at page 278, 57 S.Ct. at page 201; Barry v. Edmunds, supra, 116 U.S. at page 559, 6 S.Ct. at page 506; Fireman's Fund Ins. Co. v. Railway Express Agency, supra, 253 F.2d at pages 784–785; Parmelee v. Ackerman, supra, 252 F.2d at page 722; cf. Thomson v. Gaskill, 1942, 315 U.S. 442, 445–447, 62 S.Ct. 673, 86 L.Ed. 951; Hart and Wechsler, The Federal Courts and the Federal System, supra, at 994–995.

Accordingly defendant's motion to dismiss the action for lack of jurisdiction over the subject matter must be granted. Fed.R.Civ.P. 12(b)(1). This dismissal shall not of course operate as an adjudication upon the merits. Fed.R.Civ.P. 41(b).