**Elida RIVERA**

**v.**

**Rodolfo Rene CHAPA and O. P. Carrillo.**

**Civ. A. No. 64–C–62.**

United States District Court
S. D. Texas,
Corpus Christi Division.

Sept. 11, 1964.

J. Marvin Ericson, Corpus Christi, Tex., for plaintiff.

Luther E. Jones, Jr., Corpus Christi, Tex., and Lloyd, Lloyd, Dean & Ellzey, E. G. Lloyd, Jr., Alice, Tex., for defendant O. P. Carrillo.

McDonald & Spann, Bob J. Spann, Corpus Christi, Tex., for defendant Rodolfo Rene Chapa.

GARZA, District Judge.

Plaintiff brings this wrongful death action under Article 4675, Vernon's Ann.

Revised Civil Statutes of Texas, for damages resulting from the death of her husband in a collision between the automobile driven by Plaintiff's decedent and a truck driven by Defendant Chapa, alleged to be acting in the scope of his employment as an employee of Defendant Carrillo, the owner of the truck.

Jurisdiction is based on diversity of citizenship, and the amount in controversy exceeds $10,000.00.

Plaintiff alleges that she is a resident citizen of New Mexico; that the Defendants are residents of Duval County, Texas; and that the only other survivors of decedent within the class of persons described in Art. 4675 are his mother and two adult sons, none of whom were dependent upon decedent for support and all of whom disclaim any cause of action for damages by reason of his death.

Defendants have both filed motions to dismiss for want of jurisdiction on the grounds (1) that the surviving mother and children of the decedent are necessary parties plaintiff to this action, and since they are residents of Texas the Court's diversity jurisdiction is not present; and (2) that the Plaintiff is now and has always been a citizen of Texas and not of New Mexico, and thus no diversity of citizenship exists between the parties.

■ The first proposition is easily disposed of. The Court has granted Plaintiff's motion for leave to amend her complaint which eliminates any claim for damage to decedent's automobile, and therefore the problem of its ownership under the Texas law of descent and distribution is removed. As far as the wrongful death action itself is concerned, Art. 4675 states that the action "shall be for the sole and exclusive benefit of and may be brought by the surviving husband, wife, children, and parents of the person whose death has been caused or by either of them for the benefit of all."

The Supreme Court of Texas, in Texas & P. Ry. Co. v. Wood, 145 Tex. 534, 199 S.W.2d 652 (1947), has held that when a person having a statutory right to bring an action for damages for wrongful death has no interest in the suit, no useful purpose can be subserved by making him a party.

In Del Valle Rodriguez v. Wheeler, 16 F.R.D. 103, U.S.D.C., S.D.Tex., 1954, my predecessor, Judge Allred, held that Art. 4675 allows the wrongful death action to be brought by any person within the class described for the benefit of all, and that Rule 17(a), Federal Rules of Civil Procedure, permits a party authorized by statute to sue in his own name without joining the party for whose benefit the action is brought. Thus, the action by a widow who was a Mexican citizen against Texas residents would not be dismissed for lack of diversity, even though two of her minor children on behalf of whom the widow sued were citizens of Texas.

The second point raised by Defendants places in issue whether the Plaintiff is a citizen of New Mexico or Texas, and the parties have tendered evidence to the Court in support of their allegations. The Court must look to the pleadings and evidence before it to determine if the Plaintiff has met her burden of establishing by a preponderance of the evidence that the requisite diversity of citizenship exists.

It is undisputed that the Plaintiff was born in Duval County, Texas, and that she and her deceased husband lived in Benavides, Texas, until his death. The house which they owned is still maintained by the Plaintiff who pays the utility bills and taxes. Defendants allege that the Plaintiff still occupies this house; that she receives mail at a post office box which she rents at Benavides; and that in July, 1964, she told a friend whose affidavit is before the Court that she had been staying in New Mexico at the request of her lawyer and sons in order to have this case in Corpus Christi in the Federal Court, and that she planned to stay in Benavides, Texas, where she had her home, and she hoped her case would be over soon so she could stay at home where all her relatives lived.

The pleadings establish that the accident and death of Plaintiff's husband occurred on July 11, 1962, and this suit was filed on July 10, 1964.

The Plaintiff has submitted affidavits and documents to the Court in which she flatly denies any statement regarding her intentions to return to Texas, and which establish that she went to Portales, New Mexico, in April, 1963, rented an apartment, obtained utility services and a telephone which is listed in her name in the Portales directory, opened a bank account, obtained a New Mexico driver's license, registered her automobile and obtained New Mexico license plates, registered and voted in Roosevelt County, New Mexico, became a communicant of a Portales church, and obtained employment at the Roosevelt General Hospital in Portales, New Mexico, where she has worked continuously since January, 1964, except for a leave of absence from early May until late July of 1964, during which time she returned to Benavides, Texas. She states that the purpose of this trip was to attend the wedding of her son and a Mass for her husband on the second anniversary of his death.

Defendants have shown, and the Plaintiff admits, that before leaving Portales she submitted to the post office there a change of address to her post office box in Benavides, Texas. The Plaintiff states, however, that this change of address was temporary and was done at the suggestion of the post office in Portales.

The affidavit of a postal employee, who was her mail man, states that she told him that she would be gone about two or three months. The affidavit of a bookkeeper-clerk with the utilities company in Portales states that the Plaintiff maintained continuous service from April 9, 1963, until May 8, 1964, at which time she requested that her deposit be held as she was returning in a short time. On July 20, 1964, she resumed utilities service at a different address, the Plaintiff having moved to another apartment upon her return to Portales. Her application for employment with the Roosevelt General Hospital, dated October 10, 1963, states that she had lived in Portales ten months, and answers "Yes" to the question, "Do you intend to stay here?"

In Shaffer v. Coty, Inc., 183 F.Supp. 662, U.S.D.C., S.D.Cal., 1960, Judge Mathes discusses at length the method of determining jurisdictional issues and the limits on the discretion of the Court.

The parties have tendered all of the evidence which they desire to submit relative to the issue of diversity of citizenship, and "[I]t is appropriate to try that issue summarily, upon motion, and by receiving and weighing affidavits." Shaffer v. Coty, Inc., supra, at page 669, and cases cited.

■ This Court finds that the Plaintiff has clearly established that on the date of the filing of this suit she was a citizen and resident of New Mexico. She changed her domicile from Texas to New Mexico when she moved to Portales with the intention of making it her home, and this domicile was not affected by her visit to Texas during May, June and July, 1964. The existence of diversity is to be determined, not as of the time the cause of action arises, but as of the time the suit is instituted. Janzen v. Goos, 302 F.2d 421, 8 Cir., 1962.

" 'To acquire a domicil of choice, the law requires the physical presence of a person at the place of the domicil claimed, coupled with the intention of making it his present home. When these two facts concur, the change in domicil is instantaneous. Intention to live permanently at the claimed domicil is not required. If a person capable of making his choice honestly regards a place as his present home, the motive prompting him is immaterial'. Spurgeon v. Mission State Bank [8 Cir.], 1945, 151 F.2d 702, 705–706, cert. den. 327 U.S. 782, 66 S.Ct. 682, 90 L.Ed. 1009." Janzen v. Goos, supra, 302 F.2d at page 425.

Judge Hutcheson held in Hardin v. McAvoy, 216 F.2d 399, C.C.A.5, 1954, reh. den. 1955, that a person who intends to make a State other than that of his

previous residence his home for an indefinite period acquires a new domicile, though he contemplates the vague possibility of eventually going elsewhere or even of returning whence he came.

The statement in the affidavit by Plaintiff's former schoolmate, Elvira Rodriguez, that the Plaintiff was staying in New Mexico merely to have this case in Federal Court is outweighed by all of the facts showing the Plaintiff's participation in all phases of community life and governmental activities in New Mexico. The Plaintiff's declarations, exercise of political rights, residence and employment all show an intent to remain indefinitely in Portales. This intent, coupled with her physical presence there, establishes her domicile and citizenship in New Mexico. Barron & Holtzoff's Federal Practice and Procedure, Rules Edition, sec. 26.

The Court having found that the requisite diversity of citizenship exists between the parties, the Defendants' motions to dismiss will be, and the same are hereby overruled.

Clerk will notify counsel.